**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| W. R. GRACE & CO., *et al.*, Debtors. | Case No. 01-01139 (JKF) Jointly Administered |
| W. R. GRACE & CO., *et al.* Plaintiffs, v. MARGARET CHAKARIAN, *et al.*, AND JOHN DOES 1-1000, Defendants | Adversary No. A-01-771 **Related Adv. Proc. Docket No.: 511** |

**OPPOSITION OF W.R. GRACE & CO. TO LIBBY CLAIMANTS' MOTION FOR LEAVE TO APPEAL ORDER ENJOINING ACTIONS AGAINST BNSF**

The "Libby Claimants" once again seek to appeal an interlocutory order from the Bankruptcy Court enjoining certain actions that have the potential to hinder the estate's orderly emergence from Chapter 11, particularly at this critical moment where Grace is moving towards plan confirmation and resolution of these Chapter 11 cases. The Libby Claimants' request to appeal the Injunction Order should be denied. ***First,*** the Libby Claimants' tortured reading of the relevant statutory provisions does not change the fact that preliminary injunctions issued by the Bankruptcy Court are not appealable as a matter of right. ***Second,*** an interlocutory appeal of the injunction is not proper because the criteria for a proper interlocutory appeal have not been met. The Libby Claimants have not demonstrated the existence of exceptional circumstances sufficient to justify such an appeal. There is no substantial ground for a difference of opinion as

to a controlling question of law. Nor would the immediate appeal of the order materially advance the ultimate termination of the bankruptcy case.

## BACKGROUND

On April 2, 2001 (the "Petition Date"), the Debtors, W.R. Grace & Co. and its affiliated companies (collectively, "Debtors" or "Grace"), filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On the same day, the Debtors also filed an adversary complaint seeking to stay asbestos-related litigation against various affiliates of the Debtors and third parties (the "Affiliated Entities") whose purported asbestos liability was derivative of the Debtors' liability.[1]

A temporary restraining order was entered on the Petition Date enjoining the commencement or prosecution of asbestos actions against the Affiliated Entities. On May 3, 2001, the Bankruptcy Court issued a preliminary injunction barring the prosecution of currently pending actions against the Affiliated Entities. On January 22, 2002, the Court expanded the scope of the preliminary injunction to include certain additional Affiliated Entities and to reinstate the bar against commencement of new actions against Affiliated Entities arising from alleged exposure to asbestos whether indirectly or directly caused by the Debtors (the "Injunction").[2]

### A. The Expansion of the Preliminary Injunction to Include BNSF.

Burlington Northern & Santa Fe Railroad ("BNSF") has been named as a defendant in over 100 suits involving over 600 plaintiffs (collectively the "Libby Claimants") with personal

---

1 4/2/01 Verified Compl. for Declaratory Injunctive Relief [Adv. Pro. D.I. 1].

2 1/22/02 Order Granting Modified Preliminary Inj., [Adv. Pro. D.I. 87].

injury claims alleging some kind of exposure to asbestos and involving the Debtors' former Montana vermiculite ore mining operations (the "Montana Actions").

Between 1938 and 1995, BNSF and its predecessor entered into various agreements with Grace and its predecessors (collectively, the "Agreements") relating to the Debtors' mining operations in Libby, Montana. As part of the Agreements, BNSF granted permission to Grace to use certain BNSF property or granted a right of way for the Debtors to conduct certain operations across or on BNSF property. Grace mined vermiculite ore from the Libby mine, which was then transported principally by rail. BNSF employees attached loaded railroad cars carrying vermiculite ore from the Libby mine to their trains and BNSF's trains carried the verminculite ore to various destinations. Under certain of the Agreements, Grace agreed to indemnify and hold BNSF harmless for any liability on account of injury or death of one or more persons resulting from the construction, repair, maintenance or operating of the loading dock, conveyor belt or bridge whether caused by the negligence of BNSF, its agents, employees or otherwise.

Grace also agreed to obtain insurance for BNSF. Grace obtained separate insurance policies for BNSF with three of its insurance carriers -- Royal Indemnity Company, Maryland Casualty Company and Continental Casualty Company (collectively, the "Insurers"). The Debtors settled most of their insurance coverage claims with the Insurers prior to the Petition Date. As part of those settlements, the Insurers paid Grace certain amounts in exchange for Grace's agreement to indemnify and hold the Insurers harmless from any suits arising under the settled policies in the future.

On March 26, 2007, Grace filed a motion to expand the Preliminary Injunction to encompass the Montana Actions.[3] The Libby Claimants opposed that motion.[4] On May 21, 2007 the Bankruptcy Court heard arguments on the BNSF Injunction Motion. The Bankruptcy Court indicated that while the Injunction Motions were under advisement, the status quo should be maintained and the temporary stay previously entered on January 17, 2006 should effectively be continued. On August 29, 2007, the Bankruptcy Court entered its Amended Order Regarding Motions to Expand Preliminary Injunction (the "Stay Order"), which provided the following:

> ORDERED that pending the Court's ruling on the Injunction Motions, all actions commenced against the State of Montana and/or BNSF that arise out of alleged exposure to asbestos indirectly or directly caused by the Debtors (the "Montana Actions"), shall be temporarily stayed pending the Court's ruling on the Injunction Motions.

[Adv. Pro. D.I. 466]. On April 11, 2008, the Bankruptcy Court issued its memorandum opinion expanding the injunction to cover the Montana Actions (the "Injunction Order").[5]

The Libby Claimants are represented primarily by two firms, McGarvey, Heberling, Sullivan & McGarvey and Lewis, Slovak and Kovavich. The lawsuits against BNSF are not the Libby Claimants' first attempt to collect monies from third-parties as a result of injuries allegedly caused by exposure to materials harvested from the Libby Mine. Indeed, it was the Libby Claimants' effort to recover against Grace's insurer Maryland Casualty Company ("MCC") that lead directly to the Third Circuit's *Gerard* decision -- affirming the propriety of the Bankruptcy Court's injunction. *See Gerard v. W.R. Grace & Co.*, 115 Fed. Appx. 565 (3rd

---

[3] 3/26/07 Debtors' Mot. to Expand the Prelim. Inj. to Include Actions Against BNSF [Adv. Pro. D.I. 398].

[4] 4/13/07 Opp'n of Libby Claimants to Debtors' Mot. to Expand the Prelim. Inj. to Include Actions Against BNSF [Adv. Pro. D.I. 417].

[5] 4/14/08 Mem. Op. [Adv. Pro. D.I.498].

Cir. 2004). A similar attempt by the Libby Claimants to recover against the former owners of the Libby mine, the Montana Vermiculite Company, were also enjoined by the Bankruptcy Court. *W.R. Grace & Co. v. Chakarian (In re W.R. Grace & Co.)*, 315 B.R. 353 (Bankr. D. Del. 2004).

## ARGUMENT

## I. THE INJUNCTION ORDER IS NOT APPEALABLE AS OF RIGHT.

The Libby Claimants' attempt to circumvent 28 U.S.C. § 158(a)(3) by asserting that "[t]he Order is an injunction, and as such, is immediately reviewable by this Court pursuant to 28 U.S.C. § 158(a)(1) ***or*** 28 U.S.C.§ 1292(a)(1)'." Libby Claimants' Br. at 6 (emphasis added). The Libby Claimants' jurisdictional analysis is flawed from the outset. ***First,*** Section 158(a), not Section 1292(a)(1) governs appeals of bankruptcy court orders to the district courts. ***Second,*** injunctions are not final orders and, thus, may not be appealed as of right under Section 158(a)(1). The Injunction Order may be appealed only by leave of this Court under § 158(a)(3).[6]

### A. Appeals of Bankruptcy Court Orders to the District Courts Are Governed by 28 U.S.C. § 158(a).

This is now the third time that the Libby Claimants have argued to this Court that 28 U.S.C. § 1292(a)(1) grants them a right to appeal an order entered by the Bankruptcy Court. Once again, the Libby Claimants avoid discussing the clear text of Section 1292(a)(1). In relevant statutory text ***not*** quoted by the Libby Claimants, 28 U.S.C. § 1292(a)(1) grants "the

---

6 The Libby Claimants' argument that orders regarding injunctions are appealable as of right is contradicted by their objection to Grace's request for leave to appeal the Bankruptcy Court's denial of Grace's request to expand the injunction to include the Libby Claimants' claims against the state of Montana (the "Montana Injunction Denial Order"). *See* 4/21/08 Opposition of Libby Claimants to Motion of W.R. Grace for Leave to Appeal Order Denying Injunction, at 8-9 [Adv. Pro. D.I. 505]. There, the Libby Claimants argue that the Montana Injunction Denial Order is interlocutory and can only be appealed by leave under Section 158(a)(3). *See id.* The Libby Claimants cannot have it both ways. Either both the granting of injunctions and denials of injunctions are appealable as a matter of right or neither are. And of course neither are appealable as a matter of right for the reasons discussed above.

courts of appeals" jurisdiction over certain appeals from "[i]nterlocutory orders of the district courts of the United States." That is the beginning and the end of the matter: This Court, even when sitting in an appellate capacity in bankruptcy, is not one of the "courts of appeals," and the Bankruptcy Court is not one of the "district courts of the United States."

As this Court has recognized previously, its jurisdiction over the Libby Claimants' appeals of expansions of the injunction is governed not by 28 U.S.C. § 1292, but instead by 28 U.S.C. § 158:

> MR. LANDAU: I do think that the first question before you really is, you know, what is your basis for hearing this appeal, and the other side has suggested that it's 1292, which is the basis --
>
> THE COURT: No, I don't agree with that at all.
>
> MR. LANDAU: Okay
>
> THE COURT: So, you don't have to argue that.
>
> MR. LANDAU: Okay. Fair enough.
>
> THE COURT: I don't read it --
>
> MR. LANDAU: So, then we are really in the world of 158, and you do have authority under 158(a)(3) to hear -- to exercise jurisdiction over interlocutory [orders].
>
> THE COURT: Yes.

4/25/06 Hr'g Tr. [Dist. Crt. App. D.I. 27] at 12:1-15; *see also* 28 U.S.C. § 158(a).[7]

---

7 *See generally Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 252 (1992) ("Bankruptcy appeals are governed for the most part by § 158," except when taken from a district court to a court of appeals, in which case § 1292 also applies); *In re Resorts Int'l, Inc.,* 372 F.3d 154, 160 (3d Cir. 2004) ("The District Court had jurisdiction to review the Bankruptcy Court's order under 28 U.S.C. § 158. We [the court of appeals] have jurisdiction under 28 U.S.C. § 1292(b)."); *Landon v. Hunt,* 977 F.2d 829, 830 (3d Cir. 1992) ("The district court jurisdiction is from 28 U.S.C. § 158(a). Our [court of appeals] jurisdiction is from 28 U.S.C. § 158(d), and 28 U.S.C. §§ 1291 and 1292."); *In re Pruitt,* 910 F.2d 1160, 1164 (3d Cir. 1990) ("Appeals from orders of a bankruptcy judge are governed by 28 U.S.C. § 158(a).")

Despite the Court's prior ruling, the Libby Claimants persist in arguing that whether you look to § 1292 or § 158, the result is the same -- an injunction may be appealed as a matter of right. Tellingly, however, § 158(a) does not contain a provision analogous to § 1292(a)(1), which grants the courts of appeals jurisdiction over interlocutory appeals from district court orders granting injunctions. Rather, with the exception of appeals from interlocutory orders under § 1121(d)—not applicable here—§ 158(a) grants district courts jurisdiction over interlocutory orders of the bankruptcy courts ***only*** "with leave of the [district] court." *See, e.g., In re Enron Corp.*, 316 B.R. 767, 770 (S.D.N.Y. 2004) ("This Court may not consider this appeal unless [1] the order being appealed from is final or [2] the Court grants leave to appeal an interlocutory order."). In other words, there is *no* appeal as of right to the district court under § 158(a) from a bankruptcy court order granting an injunction, whereas there is an appeal as of right to the court of appeals under § 1292(a)(1) from a district court order granting an injunction.[8]

The Libby Claimants base their contrary position entirely on two cases: (1) *In re Professional Insurance Management*, 285 F.3d 268 (3d Cir. 2002), and (2) *In re Reliance Acceptance Group, Inc.*, 235 B.R. 548, 553 (D. Del 1999). Neither case provides any basis for this Court to ignore the plain language of the relevant statutes.

***<u>Professional Insurance</u>:*** The Third Circuit in *Professional Insurance* held that a bankruptcy court turnover order is final and hence appealable as of right. *See* 285 F.3d at 280-82. In a footnote, the court then stated that "the District Court, sitting as an appellate court, was authorized to hear the appeal from the Bankruptcy Court as an appealable injunctive order under

8 *See, e.g., In re Kassover,* 343 F.3d 91, 95 (2d Cir. 2003) ("Congress has expressly vested discretion in district courts to decline to hear [an] appeal" from a bankruptcy court order granting an injunction); *In re Quigley Co.*, 323 B.R. 70, 76-79 (S.D.N.Y. 2005) (denying leave to appeal an injunction under § 158(a)(3)).

28 U.S.C. § 1292(a)." *Id.* at 282 n.16. Because the Court had already concluded that the order was final, that statement is manifestly *dicta*, and unsupported *dicta* at that: the Third Circuit provided no authority for its startling and anti-textual suggestion that 28 U.S.C. § 1292(a) independently governs appeals from bankruptcy courts to district courts. Under settled Third Circuit law, of course, such unexamined *dicta* is not controlling.[9] Indeed, to follow the *dicta* from the footnote in *Professional Insurance* would be to reject the long line of Third Circuit cases, noted above, recognizing that appeals from the bankruptcy court to the district court are governed by § 158(a), while bankruptcy appeals from the district court to the court of appeals are governed by §§ 158(d), 1291, and 1292.

***Reliance Acceptance*:** The Delaware District Court in *Reliance Acceptance*, for its part, began by acknowledging that "28 U.S.C. § 158(a) governs the [district] court's jurisdiction to review orders of the bankruptcy court." 235 B.R. at 553. The court then cited § 158(c)(2), which provides that "[a]n appeal under subsection (a) ... of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts...." *Id.* The latter provision, the court suggested, implicitly incorporates § 1292(a) into § 158, apparently on the theory that the "manner" of taking an appeal from the district court to the court of appeals includes the ***grounds*** for taking such an appeal. That suggestion, for which the court provided no support, is meritless. The "manner" for taking an appeal refers to the ***procedures*** for taking an appeal, not the grounds for taking an appeal. Were the law otherwise, then § 158(a) would be superfluous because the bankruptcy statute would

9 *See, e.g., Patel v. Sun Co.*, 141 F.3d 447, 462 n.11 (3d Cir. 1998) ("*As dictum*, there are many reasons why we should not give it weight here: (1) it may not have been as fully considered as it would have been if it were essential to the outcome; (2) sloughing it off in a new opinion will not affect the analytic structure of the original opinion; and (3) the *dictum* may lack refinement because it was not honed through the fires of an adversary presentation.").

simply incorporate wholesale the grounds for appealability set forth in 28 U.S.C. §§ 1291 and 1292.[10]

For this reason, district courts look to 28 U.S.C. § 1292(b) for ***guidance*** in deciding whether to grant leave to appeal an interlocutory order under 28 U.S.C. § 158(a)(3). *See, e.g., Enron*, 316 B.R. at 771; *In re Del. & Hudson Ry. Co.*, 96 B.R. 469, 473 (D. Del. 1989). Needless to say, such "guidance" would be unnecessary if § 1292 by its own terms independently governed appeals from the bankruptcy court to the district court. "It would make little sense for the bankruptcy appeal statute to group preliminary injunctions with other interlocutory orders but intend for 'leave to appeal' these injunctions to be granted as of right simply because Section 1292 treats interlocutory injunctions differently from other interlocutory orders." *Quigley*, 323 B.R. at 76-77. Indeed, where a district court declines, in the exercise of its discretion, to hear an appeal of a bankruptcy court order granting or denying an injunction, that decision is not appealable to the court of appeals. *See, e.g., Kassover*, 343 F.3d at 93-96.

**B. The Order Is Not a Final Order Appealable as of Right Under 28 U.S.C. § 158(a)(1).**

In a new twist, the Libby Claimants now argue that injunctions are final orders appealable as of right under § 158(a)(1). To the extent that the single case relied upon by the Libby Claimants for this proposition, *In re Excel Innovations, Inc.* 502 F.3d 1086, 1092 (9th Cir. 2007), can be interpreted as providing that injunctions are necessarily final orders, that case is contrary to Third Circuit authority. As the Third Circuit has held, "[w]hether an order is 'final' depends on its effect." *Marcus v. Twp. of Abington*, 38 F.3d 1367, 1370 (3d Cir. 1994). Here,

---

10 The Libby Claimants' reliance on *In re Midstate Mortgage*, 2006 WL 3308585 (D.N.J. Nov. 6, 2006) is misplaced for the same reason. *Midstate Mortgage* simply echoes *Reliance Acceptance's* flawed logic in reaching the same conclusion.

the Order did not resolve any issues in the Montana Actions, it only delays litigation until these Chapter 11 cases are confirmed. The Third Circuit repeatedly has held that orders staying litigation are not final appealable orders because they merely delay proceedings in the suit. *See, e.g.*, *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131 (3d Cir. 2004), *Marcus*, 38 F.3d at 1370; *Schall v. Joyce,* 885 F.2d 101, 104 (3d Cir. 1989); *Cheyney State College Faculty v. Hufstedler,* 703 F.2d 732, 735 (3d Cir. 1983); *see also Hoots v. Pennsylvania*, 587 F.2d 1340, 1346-47 (3d Cir. 1978) (noting that mere delay does not render an order final for purposes of appeal). While these cases are not bankruptcy cases, the same reasoning applies here: The Injunction Order is not final because the effect of the order is merely the delay of litigation.

## II. THERE IS NO BASIS TO GRANT AN APPEAL OF THIS INTERLOCUTORY ORDER.

Although the expansion of the injunction is interlocutory and not appealable as a matter of right under 28 U.S.C. § 158(a)(1), district courts have discretion to grant parties leave to appeal from "interlocutory orders and decrees." 28 U.S.C. § 158(a)(3). When determining whether to grant leave to appeal an interlocutory order, courts within the Third Circuit employ the standards set forth in 28 U.S.C. § 1292(b) governing interlocutory appeals from district courts to the circuit courts of appeals. *See In re Edison Bros. Stores, Inc.*, 1996 WL 363806, *3 (D. Del. June 27, 1996). Interlocutory review is only proper where the appellant can demonstrate two things:

- ***First,*** the appellant must demonstrate that there is a controlling question of law upon which there is substantial grounds for difference of opinion and that an immediate appeal will advance the termination of the litigation. *Id.*[11]

[11] This test is traditionally articulated in three parts. *See In re Edison Bros. Stores*, 1996 WL 363806, *3 ("An interlocutory appeal will be granted only when the order at issue (1) involves a controlling question of law as to which there is (2) substantial ground for difference of opinion and (3) when an immediate appeal from the order (Continued...)

- ***Second,*** even if the above showing can be made, the appellant must establish ***exceptional circumstances*** justifying a departure from the basic policy of postponing review until after entry of a final judgment. *See id.* ("Although the concept of finality is accorded some measure of flexibility in the context of § 158(a)(1) appeals, apparently the same standard does not apply in the context of § 158(a)(3) interlocutory appeals. Thus, an appellant must establish that 'exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment.'") (quoting *In re Del. & Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989)); *Dal-Tile Intern., Inc. v. Color Tile, Inc.*, 203 B.R. 554, 557 (D. Del. 1996) ("Additionally, a court will entertain an appeal under section 1292(b) only when an appellant demonstrates that 'exceptional circumstances justify departure from the basic policy of postponing review until after the entry of final judgment.").

In this case, the Libby Claimants have failed to demonstrate that there are grounds for interlocutory review. ***First,*** there is no substantial grounds for a difference of opinion as to any controlling question of law. ***Second,*** the allowance of an immediate appeal would not aid, and would in fact hinder, the ultimate termination of the bankruptcy. ***Third,*** the Libby Claimants have failed to demonstrate any exceptional circumstances that would justify the allowance of an interlocutory appeal of the Injunction Order.

### A. There Is No Substantial Grounds For A Difference Of Opinion As To A Controlling Question Of Law.

The Libby Claimants have identified two controlling questions of law for which they contend that there are "substantial grounds for a difference of opinion from the Bankruptcy Court's holding in the [Injunction] Order." Libby Claimants' Br. at 25. The first is the Bankruptcy Court's finding that it had subject-matter jurisdiction over the Montana Actions. The second is the Bankruptcy Court's finding that the expansion of the Injunction to include the

---

may materially advance the ultimate termination of the litigation.") As there is no dispute that controlling questions of law are involved, Grace will only address the two prongs of the test that are at issue (*i.e.,* whether there are substantial grounds for a difference of opinion and whether an immediate appeal will materially advance the ultimate termination of the litigation.).

Montana Action was proper. However, there is no substantial grounds for a difference of opinion as to either issue.

### 1. Contractual Indemnification Agreements Give Rise To Related To Jurisdiction And There Is No Disagreement About That Issue In The Third Circuit.

Controlling law in the Third Circuit is unequivocal that a bankruptcy court may exercise "related to" jurisdiction over a case involving a third party where there is a contractual indemnity between the third party and the debtor. This was precisely the issue the Third Circuit addressed in its *Gerard* decision.[12]

In *Gerard*, the Libby Claimants requested that the Court's § 105 injunction be modified to allow them to pursue an alleged direct cause of action against Grace's workers' compensation carrier, MCC, for its role in the design of the dust control system for the Libby mine. The Third Circuit found that the Bankruptcy Court's refusal to modify the injunction was proper for several reasons. First, and foremost, as there were contractual indemnity provisions between MCC and Grace, "the prospect of indemnification by Grace made inclusion of a stay of suits against MCC appropriate." *Gerard*, 115 Fed. Appx. at 568. Second, in order for the case against MCC to proceed, "discovery from Grace would be needed." *Id.* at 569. Third, "Grace's absence [from the cases against MCC] would disadvantage both MCC and Grace as a practical and legal matter." *Id.*

The same rationale justifying the expansion of the injunction that applied in *Gerard* applies here. ***First,*** Grace has ***multiple*** contractual obligations to indemnify BNSF. Thus, there

---

[12] In the Montana Denial Order, the Bankruptcy Court attempted to limit *Gerard* to instances where there is a contractual indemnity obligation. Although the Bankruptcy Court was in error on the issue (as the Debtors seek to demonstrate on appeal), even if such a distinction were appropriate, it would not apply here because this case involves a contractual indemnification, which clearly give rise to "related to" jurisdiction.

is a significant "prospect of indemnification" based on the contracts between Grace and BNSF. ***Second,*** in order for the case against BNSF to proceed, both the Libby Claimants and BNSF would need to obtain discovery from Grace. ***Third,*** Grace's absence from the cases against BNSF would disadvantage both Grace and BNSF as a practical and legal matter. *See* Mem. Op. at 27-29 ("If the actions proceed without Debtors, Debtors will not have an opportunity to defend their conduct or products ... Additionally, forcing the Debtors to now participate in the Montana Actions to prevent these adverse consequences (indemnity, collateral estoppel, and record taint) will encumber the estates with additional litigation burdens."). It is clear that *Gerard*, which involved nearly identical factual circumstances, is law of the case and must be followed. *See Fagan v. City of Vineland*, 22 F.3d 1283 (3rd Cir. 1994).[13] And, critically, none of the cases that the Libby Claimants cite are to the contrary.

The Libby Claimants cite three cases in an effort to undermine *Gerard's* binding effect. Two of those cases, *In re Federal-Mogul* and *In re Combustion Engineering* simply do not apply to this case, because in neither *Federal Mogul* nor *Combustion Engineering* was there a contractual indemnification obligation between the third party and the debtor. And, the third case cited by the Libby Claimants, *Pacor, Inc. v. Higgings,* 743 F.2d 984 (3rd Cir. 1984), is perfectly consistent with *Gerard.*

---

13 The fact that the Third Circuit Opinion is marked as "Not precedential" does not make it any less relevant or controlling in this case. According to the Third Circuit's internal operating Procedure 5.3, an opinion marked as "not precedential" is so designated because it "appears to have value only to the trial court or the parties . . ." The "not precedential" designation is clearly not intended to suggest that the opinion is not "law of the case" in the precise case in which it was decided and where the court and the parties are the same. Moreover, the Libby Claimants' contention that there are different parties is a red herring. While it is true that the Libby Claimants have chosen to pursue a different nominal defendant, the parties involved in seeking and contesting the expansion of the Injunction (i.e., the Libby Claimants and Grace) have participated each time this issue has come up relating to the various Montana actions brought by the Libby Claimants against, MCC, Montana Vermiculite Company, the state of Montana, and, now, BNSF.

In *Pacor,* the Third Circuit found that the Bankruptcy Court did not have "related to" jurisdiction where there was a potential common law indemnification claim against the Debtor but where there was neither a contractual indemnity between the third party and the debtor nor was there a proof of claim filed against the debtor by the third party. *See Pacor*, 743 F.2d at 995-96 Indeed, the *Pacor* court expressly addressed the situation where there is a ***contractual*** right of indemnification. *Id.* at 995. Under that scenario, the court acknowledged that because an adverse judgment would necessarily affect the estate, the exercise of related-to jurisdiction would be appropriate. *Id.* ("[I]t is clear that the action between the landlord and MacMillan could and would affect the estate in bankruptcy. By virtue of the indemnification agreement ... a judgment in favor of the landlord on the guarantee action would automatically result in indemnification liability against Brentano's."). By admitting that the exercise of related-to jurisdiction is proper where there is a contractual indemnification -- as is unquestionably the case here -- *Pacor* is in complete harmony with *Gerard* and does not create substantial grounds for a difference of opinion.

**2. There Is No Disagreement Over The Law Controlling The Court's Decision To Issue The Injunction.**

With respect to the issue of whether the Bankruptcy Court's expansion of the Injunction to include the Montana Actions was appropriate, the Libby Claimants ***do not contend*** that the Court applied the incorrect legal standard or that there is any confusion or difference of opinion as to the proper standard to be applied. Rather, the Libby Claimants argue that "the Bankruptcy Court wrongly concluded that the requirements for the issuance of an injunction were established." Libby Claimants' Br. at 22. Thus, the Libby Claimants simply argue that the Bankruptcy Court incorrectly applied the standard for the issuance of a § 105 injunction to the facts of this case. However, it is well established that errors in the application of the law to the

facts of a case do not constitute "[s]ubstantial grounds for difference of opinion." *See Berhend v. Comcast Corp.*, 2007 WL 2702347, *2 (E.D. Pa. Sept. 11, 2007) (holding that "[s]ubstantial grounds for difference of opinion [on a controlling question of law] exist when there is genuine doubt or conflicting precedent as to the correct legal standard") (quoting *Glaberson v. Comcast Corp.*, 2006 WL 3762028, *13 (E.D. Pa. Dec. 19, 2006); *Premick v. Dick's Sporting Goods, Inc.*, 2007 WL 588992, *2 W.D. Pa. Feb. 20, 2007) ("District courts in this circuit have held that although a question appears to be a controlling question of law, ***questions about a court's application of facts*** of the case to established legal standards are ***not controlling questions of law*** for purposes of section 1292(b).") (emphasis added).

**B. The Immediate Appeal Of The Injunction Will Not Materially Advance The Ultimate Termination Of Grace's Bankruptcy.**

Nor have the Libby Claimants established that the immediate appeal of the injunction will materially advance the ultimate termination of the Bankruptcy. *See In re Edison Bros. Stores*, 1996 WL 363806, *3. Here, it is clear that allowing this appeal to go forward would not materially advance the termination of the bankruptcy case. To the contrary, the Bankruptcy Court found that allowing the Montana Actions to proceed "would further delay the reorganization process and implicate estate property." Mem. Opinion at 30. This would particularly prejudice Grace at this critical juncture as it endeavors to formulate a consensual plan of reorganization with an eye towards emerging from Chapter 11 in the first quarter of 2009. The Libby Claimants do not even attempt to argue otherwise -- nor could they. And their failure to establish that the granting of the appeal will foster the conclusion of the bankruptcy is dispositive of the issue before the Court.

**C. No Exceptional Circumstances Exist That Warrant An Immediate Appeal.**

As there is no substantial grounds for difference of opinion as to a controlling question of law and the immediate appeal of the issue will not materially advance the termination of the bankruptcy, the Court need go no further in denying the Libby Claimants' request for leave. However, the Appeal also should be denied under 28 U.S.C. § 158 because the Libby Claimants have not -- and cannot -- demonstrate that exceptional circumstances exist justifying an appeal of the Injunction Order. The Libby Claimants argue that there are two exceptional circumstances that warrant interlocutory review: 1) that the District Court failed to follow Third Circuit precedent in finding that there was "related to" jurisdiction sufficient to justify extending the preliminary injunction; and (2) that the Court erred in deciding the issue on its merits. Libby Claimants' Br. at 12. However, it is clear that a mere allegation of error cannot constitute an exceptional circumstance sufficient to warrant interlocutory review -- otherwise, each and every decision of a lower court that a party disagreed with would be susceptible to appellate review. *See Vaughn v. Flowserve Corp.*, 2006 WL 3231417, *2 (D. N.J. Nov. 8, 2006) ("A motion for certification should not be granted merely because a party disagrees with the ruling of the [lower court] judge.") (quoting *Max Daetwyler Corp. v. Meyer,* 575 F. Supp. 280, 282 (E.D. Pa. 1983)).[14]

The Libby Claimants concede that the only real prejudice they suffer for the granting of the injunction is a delay in their prosecution of claims against BNSF. But, they also concede that they will be able to pursue those claims once Grace's plan takes effect. *See* Libby Claimants'

---

14 The Libby Claimants' argument that "an appeal from an order granting a preliminary injunction inherently represents an exceptional circumstance" (Libby Claimants' Br. at 12) is baseless. Rather than cite any authority for this novel proposition, the Libby Claimants cite to their own erroneous argument that such orders are appelable to this Court as of right. Although the Libby Claimants would like injunctions to be automatically appealable to the district court, that simply is not what Section 158(a) provides

Br. at 25-26. Further, they have not established any prejudice from the delay that rises to the level of "exceptional circumstances." Indeed, every injunction or stay results in delay for the party subject to the injunction or the stay and the fact of such delay is not sufficient to give rise to a right of appeal.

This argument simply underscores the fact that -- at this juncture, with the conclusion of Grace's Chapter 11 cases only months away -- there is no material prejudice to the Libby Claimants that would result from the denial of leave to appeal. Once the Chapter 11 cases conclude, the Montana Actions will be allowed to proceed apace. Given the recent developments that have set the stage for Grace to promptly move forward towards plan confirmation and emerge from Chapter 11, the circumstances here present even less urgency than the last two times the Libby Claimants unsuccessfully sought leave to appeal. Moreover, the continued litigation of this issue can only serve to undermine the development of a consensual plan of reorganization.

## CONCLUSION

Under the circumstances presented, an interlocutory appeal of the Court's decision to grant the injunction is both unnecessary and improper, particularly at this stage of the bankruptcy proceedings. There are no exceptional circumstances warranting such appellate review, nor are there substantial grounds for a difference of opinion related to controlling questions of law. And, lastly, allowing the Libby Claimants' appeal will not serve to expedite the conclusion of the bankruptcy litigation but, rather, would further delay it. Accordingly, the Debtors respectfully request that this Court decline to grant the Libby Claimants' leave to appeal this interlocutory order under 28 U.S.C. §158(a)(3).

Dated: May 5, 2008

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

- and -

PACHULSKI, STANG, YOUNG & JONES

______________________________
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession