IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| W. R. GRACE & CO., *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | Adversary No. A-01-771 |
| | ) | |
| v. | ) | |
| | ) | |
| MARGARET CHAKARIAN, *et al.*, | ) | Re: Docket Nos.: 511 |
| AND JOHN DOES 1-1000, | ) | |
| | ) | |
| Defendants | ) | |

## (CORRECTED) OPPOSITION OF W.R. GRACE & CO. TO LIBBY CLAIMANTS' MOTION FOR LEAVE TO APPEAL ORDER ENJOINING ACTIONS AGAINST BNSF

The "Libby Claimants" once again seek to appeal an interlocutory order from the Bankruptcy Court enjoining certain actions that have the potential to hinder the estate's orderly emergence from Chapter 11, particularly at this critical moment where Grace is moving towards plan confirmation and resolution of these Chapter 11 cases. The Libby Claimants' request to appeal the Injunction Order should be denied. *First,* the Libby Claimants' tortured reading of the relevant statutory provisions does not change the fact that preliminary injunctions issued by the Bankruptcy Court are not appealable as a matter of right. *Second,* an interlocutory appeal of the injunction is not proper because the criteria for a proper interlocutory appeal have not been met. The Libby Claimants have not demonstrated the existence of exceptional circumstances sufficient to justify such an appeal. There is no substantial ground for a difference of opinion as

to a controlling question of law.  Nor would the immediate appeal of the order materially advance the ultimate termination of the bankruptcy case.

## BACKGROUND

On April 2, 2001 (the "Petition Date"), the Debtors, W.R. Grace & Co. and its affiliated companies (collectively, "Debtors" or "Grace"), filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On the same day, the Debtors also filed an adversary complaint seeking to stay asbestos-related litigation against various affiliates of the Debtors and third parties (the "Affiliated Entities") whose purported asbestos liability was derivative of the Debtors' liability.[1]

A temporary restraining order was entered on the Petition Date enjoining the commencement or prosecution of asbestos actions against the Affiliated Entities.  On May 3, 2001, the Bankruptcy Court issued a preliminary injunction barring the prosecution of currently pending actions against the Affiliated Entities.  On January 22, 2002, the Court expanded the scope of the preliminary injunction to include certain additional Affiliated Entities and to reinstate the bar against commencement of new actions against Affiliated Entities arising from alleged exposure to asbestos whether indirectly or directly caused by the Debtors (the "Injunction").[2]

### A.    The Expansion of the Preliminary Injunction to Include BNSF.

Burlington Northern & Santa Fe Railroad ("BNSF") has been named as a defendant in over 100 suits involving over 600 plaintiffs (collectively the "Libby Claimants") with personal

---

[1]    4/2/01 Verified Compl. for Declaratory Injunctive Relief [Adv. Pro. D.I. 1].

[2]    1/22/02 Order Granting Modified Preliminary Inj., [Adv. Pro. D.I. 87].

2

injury claims alleging some kind of exposure to asbestos and involving the Debtors' former Montana vermiculite ore mining operations (the "Montana Actions").

Between 1938 and 1995, BNSF and its predecessor entered into various agreements with Grace and its predecessors (collectively, the "Agreements") relating to the Debtors' mining operations in Libby, Montana. As part of the Agreements, BNSF granted permission to Grace to use certain BNSF property or granted a right of way for the Debtors to conduct certain operations across or on BNSF property. Grace mined vermiculite ore from the Libby mine, which was then transported principally by rail. The vermiculite ore was transported from the mine to a loading dock, utilizing the Libby suspension bridge and conveyor belt. Grace then loaded the ore onto railroad cars for transport to various facilities, ultimately for distribution and sale. BNSF employees attached loaded railroad cars carrying vermiculite ore from the Libby mine to their trains and BNSF's trains carried the vermiculite ore to various destinations. Under certain of the Agreements, Grace agreed to indemnify and hold BNSF harmless for any liability on account of injury or death of one or more persons resulting from the construction, repair, maintenance or operating of the loading dock, conveyor belt or bridge whether caused by the negligence of BNSF, its agents, employees or otherwise.

Grace also agreed to obtain insurance for BNSF. BNSF has alleged that Grace both obtained separate insurance policies for BNSF and/or named BNSF as an additional insured under Grace's policies, including policies which Grace subsequently may have settled prior to the Petition Date.[3] As part of those settlements, the Insurers paid Grace certain amounts in

---

[3] Grace denies that BNSF was named as an additional insured under any of its settled policies.

exchange for Grace's agreement to indemnify and hold the Insurers harmless from any suits arising under the settled policies in the future.

On March 26, 2007, Grace filed a motion to expand the Preliminary Injunction to encompass the Montana Actions.[4]  The Libby Claimants opposed that motion.[5]  On May 21, 2007 the Bankruptcy Court heard arguments on the BNSF Injunction Motion.  The Bankruptcy Court indicated that while the Injunction Motions were under advisement, the status quo should be maintained and the temporary stay previously entered on January 17, 2006 should effectively be continued.  On August 29, 2007, the Bankruptcy Court entered its Amended Order Regarding Motions to Expand Preliminary Injunction (the "Stay Order"), which provided the following:

> ORDERED that pending the Court's ruling on the Injunction Motions, all actions commenced against the State of Montana and/or BNSF that arise out of alleged exposure to asbestos indirectly or directly caused by the Debtors (the "Montana Actions"), shall be temporarily stayed pending the Court's ruling on the Injunction Motions.

[Adv. Pro. D.I. 466].  On April 11, 2008, the Bankruptcy Court issued its memorandum opinion expanding the injunction to cover the Montana Actions (the "Injunction Order").[6]

The Libby Claimants are represented primarily by two firms, McGarvey, Heberling, Sullivan & McGarvey and Lewis, Slovak and Kovavich.  The lawsuits against BNSF are not the Libby Claimants' first attempt to collect monies from third-parties as a result of injuries allegedly caused by exposure to materials harvested from the Libby Mine.  Indeed, it was the Libby Claimants' effort to recover against Grace's insurer Maryland Casualty Company

---

[4]  3/26/07 Debtors' Mot. to Expand the Prelim. Inj. to Include Actions Against BNSF [Adv. Pro. D.I. 398].

[5]  4/13/07 Opp'n of Libby Claimants to Debtors' Mot. to Expand the Prelim. Inj. to Include Actions Against BNSF [Adv. Pro. D.I. 417].

[6]  4/14/08 Mem. Op. [Adv. Pro. D.I.498].

("MCC") that lead directly to the Third Circuit's *Gerard* decision -- affirming the propriety of the Bankruptcy Court's injunction. *See Gerard v. W.R. Grace & Co.*, 115 Fed. Appx. 565 (3rd Cir. 2004). A similar attempt by the Libby Claimants to recover against the former owners of the Libby mine, the Montana Vermiculite Company, were also enjoined by the Bankruptcy Court. *W.R. Grace & Co. v. Chakarian (In re W.R. Grace & Co.)*, 315 B.R. 353 (Bankr. D. Del. 2004).

## ARGUMENT

## I.    THE INJUNCTION ORDER IS NOT APPEALABLE AS OF RIGHT.

The Libby Claimants' attempt to circumvent 28 U.S.C. § 158(a)(3) by asserting that "[t]he Order is an injunction, and as such, is immediately reviewable by this Court pursuant to 28 U.S.C. § 158(a)(1) *or* 28 U.S.C.§ 1292(a)(1)'." Libby Claimants' Br. at 6 (emphasis added). The Libby Claimants' jurisdictional analysis is flawed from the outset. *First,* Section 158(a), not Section 1292(a)(1) governs appeals of bankruptcy court orders to the district courts. *Second,* injunctions are not final orders and, thus, may not be appealed as of right under Section 158(a)(1). The Injunction Order may be appealed only by leave of this Court under § 158(a)(3).[7]

### A.    Appeals of Bankruptcy Court Orders to the District Courts Are Governed by 28 U.S.C. § 158(a).

This is now the third time that the Libby Claimants have argued to this Court that 28 U.S.C. § 1292(a)(1) grants them a right to appeal an order entered by the Bankruptcy Court.

---

[7]    The Libby Claimants' argument that orders regarding injunctions are appealable as of right is contradicted by their objection to Grace's request for leave to appeal the Bankruptcy Court's denial of Grace's request to expand the injunction to include the Libby Claimants' claims against the state of Montana (the "Montana Injunction Denial Order"). *See* 4/21/08 Opposition of Libby Claimants to Motion of W.R. Grace for Leave to Appeal Order Denying Injunction, at 8-9 [Adv. Pro. D.I. 505]. There, the Libby Claimants argue that the Montana Injunction Denial Order is interlocutory and can only be appealed by leave under Section 158(a)(3). *See id.* The Libby Claimants cannot have it both ways. Either both the granting of injunctions and denials of injunctions are appealable as a matter of right or neither are. And of course neither are appealable as a matter of right for the reasons discussed above.

Once again, the Libby Claimants avoid discussing the clear text of Section 1292(a)(1).  In

relevant statutory text *not* quoted by the Libby Claimants, 28 U.S.C. § 1292(a)(1) grants "the

courts of appeals" jurisdiction over certain appeals from "[i]nterlocutory orders of the district

courts of the United States."  That is the beginning and the end of the matter:  This Court, even

when sitting in an appellate capacity in bankruptcy, is not one of the "courts of appeals," and the

Bankruptcy Court is not one of the "district courts of the United States."

As this Court has recognized previously, its jurisdiction over the Libby Claimants'

appeals of expansions of the injunction is governed not by 28 U.S.C. § 1292, but instead by 28

U.S.C. § 158:

> MR. LANDAU:   I do think that the first question before you really is, you know, what is your basis for hearing this appeal, and the other side has suggested that it's 1292, which is the basis --
>
> THE COURT:   No, I don't agree with that at all.
>
> MR. LANDAU:   Okay
>
> THE COURT:   So, you don't have to argue that.
>
> MR. LANDAU:  Okay.  Fair enough.
>
> THE COURT:  I don't read it --
>
> MR. LANDAU:   So, then we are really in the world of 158, and you do have authority under 158(a)(3) to hear -- to exercise jurisdiction over interlocutory [orders].
>
> THE COURT:  Yes.

4/25/06 Hr'g Tr. [Dist. Crt. App. D.I. 27] at 12:1-15; *see also* 28 U.S.C. § 158(a).[8]

---

[8]  *See generally Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 252 (1992) ("Bankruptcy appeals are governed for the most part by § 158," except when taken from a district court to a court of appeals, in which case § 1292 also applies); *In re Resorts Int'l, Inc.,* 372 F.3d 154, 160 (3d Cir. 2004) ("The District Court had jurisdiction to review the Bankruptcy Court's order under 28 U.S.C. § 158. We [the court of appeals] have jurisdiction under 28 U.S.C. § 1292(b)."); *Landon v. Hunt,* 977 F.2d 829, 830 (3d Cir. 1992) ("The district court jurisdiction is from 28 U.S.C. § 158(a).  Our [court of appeals] jurisdiction is from 28 U.S.C. § 158(d), and 28 U.S.C. §§ 1291
(Continued...)

DOCS_DE:137264.1

Despite the Court's prior ruling, the Libby Claimants persist in arguing that whether you look to § 1292 or § 158, the result is the same -- an injunction may be appealed as a matter of right. Tellingly, however, § 158(a) does not contain a provision analogous to § 1292(a)(1), which grants the courts of appeals jurisdiction over interlocutory appeals from district court orders granting injunctions. Rather, with the exception of appeals from interlocutory orders under § 1121(d)—not applicable here—§ 158(a) grants district courts jurisdiction over interlocutory orders of the bankruptcy courts *only* "with leave of the [district] court." *See, e.g., In re Enron Corp.*, 316 B.R. 767, 770 (S.D.N.Y. 2004) ("This Court may not consider this appeal unless [1] the order being appealed from is final or [2] the Court grants leave to appeal an interlocutory order."). In other words, there is *no* appeal as of right to the district court under § 158(a) from a bankruptcy court order granting an injunction, whereas there is an appeal as of right to the court of appeals under § 1292(a)(1) from a district court order granting an injunction.[9]

The Libby Claimants base their contrary position entirely on two cases: (1) *In re Professional Insurance Management*, 285 F.3d 268 (3d Cir. 2002), and (2) *In re Reliance Acceptance Group, Inc.*, 235 B.R. 548, 553 (D. Del 1999). Neither case provides any basis for this Court to ignore the plain language of the relevant statutes.

*Professional Insurance*: The Third Circuit in *Professional Insurance* held that a bankruptcy court turnover order is final and hence appealable as of right. *See* 285 F.3d at 280-82. In a footnote, the court then stated that "the District Court, sitting as an appellate court, was

---

and 1292."); *In re Pruitt*, 910 F.2d 1160, 1164 (3d Cir. 1990) ("Appeals from orders of a bankruptcy judge are governed by 28 U.S.C. § 158(a).")

[9]  *See, e.g., In re Kassover*, 343 F.3d 91, 95 (2d Cir. 2003) ("Congress has expressly vested discretion in district courts to decline to hear [an] appeal" from a bankruptcy court order granting an injunction); *In re Quigley Co.*, 323 B.R. 70, 76-79 (S.D.N.Y. 2005) (denying leave to appeal an injunction under § 158(a)(3)).

7

authorized to hear the appeal from the Bankruptcy Court as an appealable injunctive order under 28 U.S.C. § 1292(a)." *Id.* at 282 n.16. Because the Court had already concluded that the order was final, that statement is manifestly *dicta*, and unsupported *dicta* at that: the Third Circuit provided no authority for its startling and anti-textual suggestion that 28 U.S.C. § 1292(a) independently governs appeals from bankruptcy courts to district courts. Under settled Third Circuit law, of course, such unexamined *dicta* is not controlling.[10] Indeed, to follow the *dicta* from the footnote in *Professional Insurance* would be to reject the long line of Third Circuit cases, noted above, recognizing that appeals from the bankruptcy court to the district court are governed by § 158(a), while bankruptcy appeals from the district court to the court of appeals are governed by §§ 158(d), 1291, and 1292.

*Reliance Acceptance*: The Delaware District Court in *Reliance Acceptance*, for its part, began by acknowledging that "28 U.S.C. § 158(a) governs the [district] court's jurisdiction to review orders of the bankruptcy court." 235 B.R. at 553. The court then cited § 158(c)(2), which provides that "[a]n appeal under subsection (a) ... of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts...." *Id.* The latter provision, the court suggested, implicitly incorporates § 1292(a) into § 158, apparently on the theory that the "manner" of taking an appeal from the district court to the court of appeals includes the *grounds* for taking such an appeal. That suggestion, for which the court provided no support, is meritless. The "manner" for taking an appeal refers to the *procedures* for taking an appeal, not the grounds for taking an appeal. Were

---

[10]  *See, e.g., Patel v. Sun Co.,* 141 F.3d 447, 462 n.11 (3d Cir. 1998) ("*As dictum,* there are many reasons why we should not give it weight here: (1) it may not have been as fully considered as it would have been if it were essential to the outcome; (2) sloughing it off in a new opinion will not affect the analytic structure of the original opinion; and (3) the *dictum* may lack refinement because it was not honed through the fires of an adversary presentation.").

DOCS_DE:137264.1

the law otherwise, then § 158(a) would be superfluous because the bankruptcy statute would simply incorporate wholesale the grounds for appealability set forth in 28 U.S.C. §§ 1291 and 1292.[11]

For this reason, district courts look to 28 U.S.C. § 1292(b) for *guidance* in deciding whether to grant leave to appeal an interlocutory order under 28 U.S.C. § 158(a)(3). *See, e.g., Enron*, 316 B.R. at 771; *In re Del. & Hudson Ry. Co.*, 96 B.R. 469, 473 (D. Del. 1989). Needless to say, such "guidance" would be unnecessary if § 1292 by its own terms independently governed appeals from the bankruptcy court to the district court. "It would make little sense for the bankruptcy appeal statute to group preliminary injunctions with other interlocutory orders but intend for 'leave to appeal' these injunctions to be granted as of right simply because Section 1292 treats interlocutory injunctions differently from other interlocutory orders." *Quigley*, 323 B.R. at 76-77. Indeed, where a district court declines, in the exercise of its discretion, to hear an appeal of a bankruptcy court order granting or denying an injunction, that decision is not appealable to the court of appeals. *See, e.g., Kassover*, 343 F.3d at 93-96.

**B.    The Order Is Not a Final Order Appealable as of Right Under 28 U.S.C. § 158(a)(1).**

In a new twist, the Libby Claimants now argue that injunctions are final orders appealable as of right under § 158(a)(1). To the extent that the single case relied upon by the Libby Claimants for this proposition, *In re Excel Innovations, Inc.* 502 F.3d 1086, 1092 (9th Cir. 2007), can be interpreted as providing that injunctions are necessarily final orders, that case is contrary to Third Circuit authority. As the Third Circuit has held, "[w]hether an order is 'final'

---

[11] The Libby Claimants' reliance on *In re Midstate Mortgage*, 2006 WL 3308585 (D.N.J. Nov. 6, 2006) is misplaced for the same reason. *Midstate Mortgage* simply echoes *Reliance Acceptance's* flawed logic in reaching the same conclusion.

depends on its effect." *Marcus v. Twp. of Abington*, 38 F.3d 1367, 1370 (3d Cir. 1994). Here, the Order did not resolve any issues in the Montana Actions, it only delays litigation until these Chapter 11 cases are confirmed. The Third Circuit repeatedly has held that orders staying litigation are not final appealable orders because they merely delay proceedings in the suit. *See, e.g., CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131 (3d Cir. 2004), *Marcus*, 38 F.3d at 1370; *Schall v. Joyce*, 885 F.2d 101, 104 (3d Cir. 1989); *Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 735 (3d Cir. 1983); *see also Hoots v. Pennsylvania*, 587 F.2d 1340, 1346-47 (3d Cir. 1978) (noting that mere delay does not render an order final for purposes of appeal). While these cases are not bankruptcy cases, the same reasoning applies here: The Injunction Order is not final because the effect of the order is merely the delay of litigation.

## II.    THERE IS NO BASIS TO GRANT AN APPEAL OF THIS INTERLOCUTORY ORDER.

Although the expansion of the injunction is interlocutory and not appealable as a matter of right under 28 U.S.C. § 158(a)(1), district courts have discretion to grant parties leave to appeal from "interlocutory orders and decrees." 28 U.S.C. § 158(a)(3). When determining whether to grant leave to appeal an interlocutory order, courts within the Third Circuit employ the standards set forth in 28 U.S.C. § 1292(b) governing interlocutory appeals from district courts to the circuit courts of appeals. *See In re Edison Bros. Stores, Inc.*, 1996 WL 363806, *3 (D. Del. June 27, 1996). Interlocutory review is only proper where the appellant can demonstrate two things:

- *First,* the appellant must demonstrate that there is a controlling question of law upon which there is substantial grounds for difference of opinion and that an immediate appeal will advance the termination of the litigation. *Id.[12]*

- *Second,* even if the above showing can be made, the appellant must establish *exceptional circumstances* justifying a departure from the basic policy of postponing review until after entry of a final judgment. *See id.* ("Although the concept of finality is accorded some measure of flexibility in the context of § 158(a)(1) appeals, apparently the same standard does not apply in the context of § 158(a)(3) interlocutory appeals. Thus, an appellant must establish that 'exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment.'") (quoting *In re Del. & Hudson Ry. Co.,* 96 B.R. 469, 472-73 (D. Del. 1989)); *Dal-Tile Intern., Inc. v. Color Tile, Inc.,* 203 B.R. 554, 557 (D. Del. 1996) ("Additionally, a court will entertain an appeal under section 1292(b) only when an appellant demonstrates that 'exceptional circumstances justify departure from the basic policy of postponing review until after the entry of final judgment.").

In this case, the Libby Claimants have failed to demonstrate that there are grounds for interlocutory review. *First,* there is no substantial grounds for a difference of opinion as to any controlling question of law. *Second,* the allowance of an immediate appeal would not aid, and would in fact hinder, the ultimate termination of the bankruptcy. *Third,* the Libby Claimants have failed to demonstrate any exceptional circumstances that would justify the allowance of an interlocutory appeal of the Injunction Order.

## A.    There Is No Substantial Grounds For A Difference Of Opinion As To A Controlling Question Of Law.

The Libby Claimants have identified two controlling questions of law for which they contend that there are "substantial grounds for a difference of opinion from the Bankruptcy

---

[12] This test is traditionally articulated in three parts. *See In re Edison Bros. Stores,* 1996 WL 363806, *3 ("An interlocutory appeal will be granted only when the order at issue (1) involves a controlling question of law as to which there is (2) substantial ground for difference of opinion and (3) when an immediate appeal from the order may materially advance the ultimate termination of the litigation.") As there is no dispute that controlling questions of law are involved, Grace will only address the two prongs of the test that are at issue (*i.e.,* whether there are substantial grounds for a difference of opinion and whether an immediate appeal will materially advance the ultimate termination of the litigation.).

DOCS_DE:137264.1

Court's holding in the [Injunction] Order." Libby Claimants' Br. at 25. The first is the Bankruptcy Court's finding that it had subject-matter jurisdiction over the Montana Actions. The second is the Bankruptcy Court's finding that the expansion of the Injunction to include the Montana Action was proper. However, there is no substantial grounds for a difference of opinion as to either issue.

1.    **Contractual Indemnification Agreements Give Rise To Related To Jurisdiction And There Is No Disagreement About That Issue In The Third Circuit.**

Controlling law in the Third Circuit is unequivocal that a bankruptcy court may exercise "related to" jurisdiction over a case involving a third party where there is a contractual indemnity between the third party and the debtor. This was precisely the issue the Third Circuit addressed in its *Gerard* decision.[13]

In *Gerard*, the Libby Claimants requested that the Court's § 105 injunction be modified to allow them to pursue an alleged direct cause of action against Grace's insurance carrier, MCC, for its role in the design of the dust control system for the Libby mine. The Third Circuit found that the Bankruptcy Court's refusal to modify the injunction was proper for several reasons. First, and foremost, as there were contractual indemnity provisions between MCC and Grace, "the prospect of indemnification by Grace made inclusion of a stay of suits against MCC appropriate." *Gerard*, 115 Fed. Appx. at 568. Second, in order for the case against MCC to proceed, "discovery from Grace would be needed." *Id.* at 569. Third, "Grace's absence [from

---

[13]   In the Montana Denial Order, the Bankruptcy Court attempted to limit *Gerard* to instances where there is a contractual indemnity obligation. Although the Bankruptcy Court was in error on the issue (as the Debtors seek to demonstrate on appeal), even if such a distinction were appropriate, it would not apply here because this case involves numerous contractual indemnifications.

the cases against MCC] would disadvantage both MCC and Grace as a practical and legal matter." *Id.*

The same rationale justifying the expansion of the injunction that applied in *Gerard* applies here. *First*, Grace has *multiple* contractual obligations to indemnify BNSF that may be implicated.[14] Thus, there is a "prospect of indemnification" based on the contracts between Grace and BNSF. *Second*, in order for the case against BNSF to proceed, both the Libby Claimants and BNSF would need to obtain discovery from Grace. *Third*, Grace's absence from the cases against BNSF would disadvantage both Grace and BNSF as a practical and legal matter. *See* Mem. Op. at 27-29 ("If the actions proceed without Debtors, Debtors will not have an opportunity to defend their conduct or products … Additionally, forcing the Debtors to now participate in the Montana Actions to prevent these adverse consequences (indemnity, collateral estoppel, and record taint) will encumber the estates with additional litigation burdens."). It is clear that *Gerard*, which involved nearly identical factual circumstances, is law of the case and must be followed. *See Fagan v. City of Vineland*, 22 F.3d 1283 (3rd Cir. 1994).[15] And, critically, none of the cases that the Libby Claimants cite are to the contrary.

---

[14] Grace does not concede and specifically denies that BNSF has valid contractual indemnification rights against Grace for the causes of action alleged in the Montana Actions.

[15] The fact that the Third Circuit Opinion is marked as "Not precedential" does not make it any less relevant or controlling in this case. According to the Third Circuit's internal operating Procedure 5.3, an opinion marked as "not precedential" is so designated because it "appears to have value only to the trial court or the parties . . ." The "not precedential" designation is clearly not intended to suggest that the opinion is not "law of the case" in the precise case in which it was decided and where the court and the parties are the same. Moreover, the Libby Claimants' contention that there are different parties is a red herring. While it is true that the Libby Claimants have chosen to pursue a different nominal defendant, the parties involved in seeking and contesting the expansion of the Injunction (i.e., the Libby Claimants and Grace) have participated each time this issue has come up relating to the various Montana actions brought by the Libby Claimants against, MCC, Montana Vermiculite Company, the state of Montana, and, now, BNSF.

The Libby Claimants cite three cases in an effort to undermine *Gerard's* binding effect. Two of those cases, *In re Federal-Mogul* and *In re Combustion Engineering* simply do not apply to this case, because in neither *Federal Mogul* nor *Combustion Engineering* was there a contractual indemnification obligation between the third party and the debtor. And, the third case cited by the Libby Claimants, *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir. 1984), is perfectly consistent with *Gerard*.

In *Pacor*, the Third Circuit found that the Bankruptcy Court did not have "related to" jurisdiction where there was a potential common law indemnification claim against the Debtor but where there was neither a contractual indemnity between the third party and the debtor nor was there a proof of claim filed against the debtor by the third party. *See Pacor*, 743 F.2d at 995-96 Indeed, the *Pacor* court expressly addressed the situation where there is a ***contractual*** right of indemnification. *Id.* at 995. Under that scenario, the court acknowledged that because an adverse judgment would necessarily affect the estate, the exercise of related-to jurisdiction would be appropriate. *Id.* ("[I]t is clear that the action between the landlord and MacMillan could and would affect the estate in bankruptcy. By virtue of the indemnification agreement ... a judgment in favor of the landlord on the guarantee action would automatically result in indemnification liability against Brentano's."). By admitting that the exercise of related-to jurisdiction is proper where there is are contractual indemnifications at issue, *Pacor* is in complete harmony with *Gerard* and does not create substantial grounds for a difference of opinion.

**2.      There Is No Disagreement Over The Law Controlling The Court's Decision To Issue The Injunction.**

With respect to the issue of whether the Bankruptcy Court's expansion of the Injunction to include the Montana Actions was appropriate, the Libby Claimants ***do not contend*** that the

14

Court applied the incorrect legal standard or that there is any confusion or difference of opinion as to the proper standard to be applied. Rather, the Libby Claimants argue that "the Bankruptcy Court wrongly concluded that the requirements for the issuance of an injunction were established." Libby Claimants' Br. at 22. Thus, the Libby Claimants simply argue that the Bankruptcy Court incorrectly applied the standard for the issuance of a § 105 injunction to the facts of this case. However, it is well established that errors in the application of the law to the facts of a case do not constitute "[s]ubstantial grounds for difference of opinion." *See Berhend v. Comcast Corp.*, 2007 WL 2702347, *2 (E.D. Pa. Sept. 11, 2007) (holding that "[s]ubstantial grounds for difference of opinion [on a controlling question of law] exist when there is genuine doubt or conflicting precedent as to the correct legal standard") (quoting *Glaberson v. Comcast Corp.*, 2006 WL 3762028, *13 (E.D. Pa. Dec. 19, 2006); *Premick v. Dick's Sporting Goods, Inc.*, 2007 WL 588992, *2 W.D. Pa. Feb. 20, 2007) ("District courts in this circuit have held that although a question appears to be a controlling question of law, *questions about a court's application of facts* of the case to established legal standards are *not controlling questions of law* for purposes of section 1292(b).") (emphasis added).

## B.    The Immediate Appeal Of The Injunction Will Not Materially Advance The Ultimate Termination Of Grace's Bankruptcy.

Nor have the Libby Claimants established that the immediate appeal of the injunction will materially advance the ultimate termination of the Bankruptcy. *See In re Edison Bros. Stores*, 1996 WL 363806, *3. Here, it is clear that allowing this appeal to go forward would not materially advance the termination of the bankruptcy case. To the contrary, the Bankruptcy Court found that allowing the Montana Actions to proceed "would further delay the reorganization process and implicate estate property." Mem. Opinion at 30. This would particularly prejudice Grace at this critical juncture as it endeavors to formulate a consensual

15

plan of reorganization with an eye towards emerging from Chapter 11 in the first quarter of 2009. The Libby Claimants do not even attempt to argue otherwise -- nor could they. And their failure to establish that the granting of the appeal will foster the conclusion of the bankruptcy is dispositive of the issue before the Court.

### C.    No Exceptional Circumstances Exist That Warrant An Immediate Appeal.

As there is no substantial grounds for difference of opinion as to a controlling question of law and the immediate appeal of the issue will not materially advance the termination of the bankruptcy, the Court need go no further in denying the Libby Claimants' request for leave. However, the Appeal also should be denied under 28 U.S.C. § 158 because the Libby Claimants have not -- and cannot -- demonstrate that exceptional circumstances exist justifying an appeal of the Injunction Order. The Libby Claimants argue that there are two exceptional circumstances that warrant interlocutory review: 1) that the District Court failed to follow Third Circuit precedent in finding that there was "related to" jurisdiction sufficient to justify extending the preliminary injunction; and (2) that the Court erred in deciding the issue on its merits. Libby Claimants' Br. at 12. However, it is clear that a mere allegation of error cannot constitute an exceptional circumstance sufficient to warrant interlocutory review -- otherwise, each and every decision of a lower court that a party disagreed with would be susceptible to appellate review. *See Vaughn v. Flowserve Corp.*, 2006 WL 3231417, *2 (D. N.J. Nov. 8, 2006) ("A motion for certification should not be granted merely because a party disagrees with the ruling of the [lower court] judge.") (quoting *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 282 (E.D. Pa. 1983)).[16]

---

[16]    The Libby Claimants' argument that "an appeal from an order granting a preliminary injunction inherently represents an exceptional circumstance" (Libby Claimants' Br. at 12) is baseless. Rather than cite any authority
(Continued...)

16

The Libby Claimants concede that the only real prejudice they suffer for the granting of the injunction is a delay in their prosecution of claims against BNSF. But, they also insist that they will be able to pursue those claims once Grace's plan takes effect. *See* Libby Claimants' Br. at 25-26. Further, they have not established any prejudice from *any* delay that rises to the level of "exceptional circumstances." Indeed, every injunction or stay results in delay for the party subject to the injunction or the stay and the fact of such delay is not sufficient to give rise to a right of appeal.

This argument simply underscores the fact that -- at this juncture, with the conclusion of Grace's Chapter 11 cases only months away -- there is no material prejudice to the Libby Claimants that would result from the denial of leave to appeal. Given the recent developments that have set the stage for Grace to promptly move forward towards plan confirmation and emerge from Chapter 11, the circumstances here present even less urgency than the last two times the Libby Claimants unsuccessfully sought leave to appeal. Moreover, the continued litigation of this issue can only serve to undermine the development of a consensual plan of reorganization.

## CONCLUSION

Under the circumstances presented, an interlocutory appeal of the Court's decision to grant the injunction is both unnecessary and improper, particularly at this stage of the bankruptcy proceedings. There are no exceptional circumstances warranting such appellate review, nor are there substantial grounds for a difference of opinion related to controlling questions of law. And, lastly, allowing the Libby Claimants' appeal will not serve to expedite the conclusion of the

---

for this novel proposition, the Libby Claimants cite to their own erroneous argument that such orders are appealable to this Court as of right. Although the Libby Claimants would like injunctions to be automatically appealable to the district court, that simply is not what Section 158(a) provides

17

bankruptcy litigation but, rather, would further delay it. Accordingly, the Debtors respectfully request that this Court decline to grant the Libby Claimants' leave to appeal this interlocutory order under 28 U.S.C. §158(a)(3).

Dated: May 8, 2008

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

- and -

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| ———————————————— | ) | |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Adversary No. A-01-771 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARGARET CHAKARIAN, et al., | ) | |
| AND JOHN DOES 1-1000, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I, James E. O'Neill, hereby certify that on the 8th day of April, 2008, I caused a copy of the following documents to be served on the individuals on the attached service list in the manner indicated:

**(CORRECTED) OPPOSITION OF W. R. GRACE & CO. TO LIBBY CLAIMANTS' MOTION FOR LEAVE TO APPEAL ORDER ENJOINING ACTIONS AGAINST BNSF.**

James E. O'Neill (Bar No. 4042)

**W. R. Grace 2002 Service List**
Case No. 01-1139 (JKF)
Doc. No. 22588
037 - Hand Delivery
004 – Foreign First Class Mail
206 - First Class Mail


(Counsel to Debtors and Debtors in
Possession)
Laura Davis Jones, Esquire
James E. O'Neill, Esquire
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

*Hand Delivery*
(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE 19801

*Hand Delivery*
(Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Hand Delivery*
(Counsel to Asbestos PI Committee)
Marla Eskin, Esquire
Mark Hurford, Esquire
Campbell & Levine, LLC
800 N. King Street
#300
Wilmington, DE 19801

*Hand Delivery*
)
William H. Sudell, Jr., Esquire
Eric D. Schwartz, Esquire
Morris, Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

*Hand Delivery*
(Counsel to The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*Hand Delivery*
(Counsel to Maryland Casualty)
Jeffrey C. Wisler, Esquire
Michelle McMahon, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street, 10th Floor
Wilmington, DE 19899

*Hand Delivery*
(Counsel to Ingersoll-Rand Fluid Products
and State of Montana)
Francis A. Monaco, Jr., Esquire
Womble Carlye Sandridge & Rice LLC
222 Delaware Avenue, 15th Floor
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Asbestos PD Committee)
Michael B. Joseph, Esquire
Theodore J. Tacconelli, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

*Hand Delivery*
)
Mark S. Chehi
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899-0636

*Hand Delivery*
)
Joseph Grey, Esquire
Stevens & Lee
1105 N. Market Street, Suite 700
Wilmington, DE  19801-1270

*Hand Delivery*
(Counsel to Official Committee of
Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246

*Hand Delivery*
)
Laurie Selber Silverstein, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
P.O. Box 951
Wilmington, DE  19899

*Hand Delivery*
(United States Trustee)
David Klauder, Esquire
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE  19801

*Hand Delivery*
(Counsel for General Electric Corporation)
Todd C. Schiltz, Esquire
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 N. Market Street
Suite 1001
Wilmington, DE  19801

*Hand Delivery*
(Counsel for Reaud, Morgan & Quinn, Inc.
and Environmental Litigation Group, PC)
Kathleen Miller, Esquire
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE  19899

*Hand Delivery*
(Counsel to Century Indemnity Company)
Curtis Crowther, Esquire
White and Williams LLP
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE  19801

*Hand Delivery*
(Counsel to First Union Leasing)
John D. Demmy, Esquire
Stevens & Lee, P.C.
1105 N. Market Street, Suite 700
Wilmington, DE  19801-1270

*Hand Delivery*
(Counsel to Mark Hankin and HanMar
Associates, Fireman's Fund Insurance Co.)
Thomas G. Whalen, Esquire
Stevens & Lee, P.C.
1105 N. Market Street, 7th Floor
Wilmington, DE  19801

*Hand Delivery*
(Counsel to Equity Committee)
Teresa K.D. Currier, Esquire
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
P.O. Box 1397
Wilmington, DE  19899-1397

*Hand Delivery*
(Counsel to Union Tank Car Company)
Rachel B. Mersky, Esquire
Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801

*Hand Delivery*
(Counsel to Royal Insurance)
Megan N. Harper, Esquire
Bifferato, Bifferato & Gentilotti
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE  19899

*Hand Delivery*
(Counsel to The Delaware Division of
Revenue)
Allison E. Reardon
Delaware Division of Revenue
820 N. French Street
8th Floor
Wilmington, DE  19801

*Hand Delivery*
(Counsel to the Libby Mine Claimants)
Steven K. Kortanek, Esquire
Klehr, Harrison, Harvey, Branzburg &
Ellers, LLP
919 Market Street, Suite 1000
Wilmington, DE  19801

*Hand Delivery*
(L.A. Unified School District)
William F. Taylor, Jr., Esquire
McCarter & English, LLP
Mellon Bank Center
919 Market Street, Suite 1800
Wilmington, Delaware 19899

*Hand Delivery*
(Counsel to Prudential and Motley Rice
LLC)
Laurie S. Polleck, Esquire
Jaspan Schlesinger Hoffman, LLP
913 N. Market Street
Floor 12
Wilmington, DE  19801

*Hand Delivery*
(Counsel for David T. Austern)
John C. Phillips, Jr., Esquire
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19806

*Hand Delivery*
(Counsel to Libby Claimants)
Adam G. Landis, Esquire
Kerri K. Mumford, Esquire
Landis Rath & Cobb LLP
919 Market Street, Suite 1600
Wilmington, DE  19801

*Hand Delivery*
(Counsel to Brayton Purcell, LLP)
Daniel K. Hogan, Esquire
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE  19806

*Hand Delivery*
(Counsel to Allstate Insurance Company)
James S. Yoder, Esquire
White and Williams LLP
824 Market Street, Suite 902
Wilmington, DE  19899-0709

*Hand Delivery*
(Counsel to Everest Reinsurance Company
and Mt. McKinley Insurance Company)
Brian L. Kasprzak, Esquire
Marks, O'Neill, O'Brien and Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, DE  19801

***Hand Delivery***
(Counsel to American Employers Insurance Co, Employers
Commercial Union n/k/a OneBeacon America Insurance
Co and Unigard Insurance Co)
David P. Primack, Esquire
Drinker Biddle & Reath LLP
1100 North Market Street
Suite 1000
Wilmington, DE  19801-1254

***Hand Delivery***
(Counsel to U.S. Fire Insurance Company)
Ian Connor Bifferato, Esquire
Joseph K. Koury, Esquire
Bifferato, Gentilotti & Biden
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE  19899

***Hand Delivery***
(Counsel to Anderson Memorial Hospital)
Christopher D. Loizides, Esquire
Loizides & Associates
Legal Arts Bldg.
1225 King Street, Suite 800
Wilmingotn, DE  19801

***Hand Delivery***
(Counsel to PacifiCorp)
Richard S. Cobb, Esquire
Megan N. Harper, Esquire
Landis Rath & Cobb LLP
919 Market Street, Suite 600
Wilmington, DE  19801

***Hand Delivery***
(Counsel to CNA Financial Corporation)
Carmella P. Keener, Esquire
Rosenthal, Monhait, Gross & Goddess, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE  19899-1070

***Hand Delivery***
(Counsel to State of California, Dept. of
General Svcs)
Tobey M. Daluz, Esquire
Leslie C. Heilman, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
919 N. Market Street, 12th Floor
Wilmington, DE  19801

***Hand Delivery***
(Counsel to Sealed Air Corporation)
Mark S. Chehi, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899-0636

***Foreign First Class Mail***
(Canadian Counsel to Debtor)
Derrick C. Tay
Ogilvy Renault LLP
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
P.O. Box 84
Toronto, Ontario  M5J 2Z4
CANADA

***Foreign First Class Mail***
(Counsel to Canadian ZAI Claimants)
Yves Lauzon, Esquire
Michel Belanger, Esquire
LAUZON BELANGER, INC..
286 Saint-Paul West, Suite 100
Montréal (Québec) H2Y 2A3

***Foreign First Class Mail***
(Counsel to Her Majesty the Queen in Right
of Canada as represented by The Attorney
General of Canada)
Jacqueline Dais-Visca, Senior Counsel
Business Law Section
The Exchange Tower
King Street West 3400
C.P. 36
Toronto, Ontario M5X 1K6

*Foreign First Class Mail*
)
Gordon A. Davies
Chief Legal Officer
Nortel
195 The West Mall
Toronto, Ontario
M9C 5K1

*First Class Mail*
(Counsel to Zonolite Attic Litigation
Plaintiffs and Gamma Holding, NV)
William D. Sullivan, Esquire
4 E. 8th Street, Suite 400
Wilmington, DE  19801

*First Class Mail*
(Counsel to Debtor)
David B. Bernick, P.C.
Janet S. Baer, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

*First Class Mail*
(W. R. Grace & Co.)
Mark Shelnitz
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD  21044

*First Class Mail*
(Counsel to Asbestos PI Committee)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY  10152-3500

*First Class Mail*
(Official Committee of Unsecured
Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

*First Class Mail*
(Official Committee of Property Damage
Claimants)
Scott L. Baena, Esquire
Bilzin Sumberg Dunn Baena Price &
Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL  33131

*First Class Mail*
(Counsel to Equity Committee)
Philip Bentley, Esquire
Doug Mannal
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

*First Class Mail*
(Counsel to Sealed Air Corporation)
D. J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036

*First Class Mail*
)
Todd Meyers, Esquire
Kilpatrick Stockton
1100 Peachtree Street
Suite 2800
Atlanta, GA  30309

*First Class Mail*

)
Office of Reorganization
Securities & Exchange Commission
Suite 1000
3475 Lenox Road, N.E.
Atlanta, GA  30326-1232

*First Class Mail*

)
Internal Revenue Service
Attn: Insolvency
31 Hopkins Plaza, Room 1150
Baltimore, MD 21201

*First Class Mail*

)
Michael A. Berman
Securities & Exchange Commission
Office of General Counsel-Bankruptcy
100 F Street, NE
Washington, DC 20549

*First Class Mail*

)
Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE 19903

*First Class Mail*

)
James D. Freeman, Esquire
U.S. Department of Justice
Environmental Enforcement Section
1961 Stout Street
Floor 8
Denver, CO 80294-1961

*First Class Mail*

)
Jon L. Heberling, Esquire
McGarvey, Heberling, Sullivan &
McGarvey PC
745 South Main Street
Kalispel, MT 59901

*First Class Mail*

(Counsel to DIP Lender)
David S. Heller, Esquire
Latham & Watkins
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606

*First Class Mail*

)
Charles E. Boulbol, Esquire
26 Broadway, 17th Floor
New York, NY 10004

*First Class Mail*

)
Ira S. Greene, Esquire
Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022-6225

*First Class Mail*

)
James A. Sylvester, Esquire
Intercat, Inc.
2399 Highway 34 #C1
Manasquan, NJ 08736-1500

*First Class Mail*

)
Steven J. Johnson, Esquire
Gibson, Dunn & Crutcher LLP
1881 Page Mill Road
Palo Alto, CA 94304-1125

*First Class Mail*
)
Charlotte Klenke, Esquire
Schneider National, Inc.
P.O. Box 2545
3101 S. Packerland
Green Bay, WI 54306

*First Class Mail*
)
David S. Rosenbloom, Esquire
Jeffrey E. Stone, Esquire
Lewis S. Rosenbloom, Esquire
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096

*First Class Mail*
)
Charles L. Finke, Assistant General Counsel
Brad Rogers, Esquire
Office of the General Counsel
Pension Benefit Guaranty Corp
1200 K. Street, N. W.
Washington, D.C. 20005-4026

*First Class Mail*
)
Pamela Zilly
Richard Shinder
Barry Korn
The Blackstone Group
345 Park Avenue, 30th Floor
New York, NY 10154

*First Class Mail*
)
Jan M. Hayden
William H. Patrick
Heller, Draper, Hayden, Patrick & Horn,
L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103

*First Class Mail*
(Counsel to Asbestos Claimants)
Michael J. Hanners, Esquire
Silber Pearlman, LLP
3102 Oak Lawn Ave., Ste. 400
Dallas, TX 75219-6403

*First Class Mail*
)
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA 31208-3708

*First Class Mail*
(Attorneys for PPG Industries, Inc.)
William M. Aukamp, Esquire
Archer & Greiner
300 Delaware Avenue, Suite 1370
Wilmington, DE 19801

*First Class Mail*
)
Alan R. Brayton, Esquire
Brayton & Purcell
222 Rush Landing Road
Novato, CA 94945

*First Class Mail*
)
Jonathan W. Young
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL 60606-1229

*First Class Mail*
)
Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, P.O. Box 8705
Dallas, TX 75219

*First Class Mail*
)
Shelby A. Jordan, Esquire
Nathaniel Peter Holzer. Esquire
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline Blvd., Suite 900
Corpus Christi, TX 78471

*First Class Mail*
)
The Mills Corporation
Ontario Mills LP
Legal Department
225 W. Washington Street
Indianapolis, IN 46204-3435

*First Class Mail*
)
T. Kellan Grant
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL 60606-1229

*First Class Mail*
)
Cindy Schultz
Ingersoll-Rand Fluid Products
One Aro Center
P.O. Box 151
Bryan, OH 43506

*First Class Mail*
)
Alan Kolod, Esquire
Moses & Singer LLP
The Chrysler Building
405 Avenue
New York, NY 10174-1299

*First Class Mail*
)
John P. Dillman, Esquire
Linebarger Heard Goggan Blair
Graham Peña & Sampson, LLP
P.O. Box 3064
Houston, TX 77253-3064

*First Class Mail*
)
The Gibson Law Firm, PLLC
447 Northpark Drive
Ridgeland, MS 39157

*First Class Mail*
)
Paul M. Baisier, Esquire
SEYFARTH SHAW
1545 Peachtree Street
Suite 700
Atlanta, GA 30309

*First Class Mail*
)
Bernice Conn, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067

*First Class Mail*
)
Steven R. Schlesinger, Esquire
Jaspan Schlesinger Hoffman LLP
300 Garden City Plaza
Garden City, NY 11530

*First Class Mail*
)
Steven J. Kherkher, Esquire
Laurence G. Tien, Esquire
Williams Kherkher Hart & Boundas, LLP
8441 Gulf Freeway, Suite #600
Houston, TX 77017

*First Class Mail*
)
Delta Chemical Corporation
2601 Cannery Avenue
Baltimore, MD 21226-1595

*First Class Mail*
)
Steven T. Hoort, Esquire
Ropes & Gray
One International Place
Boston, MA 02110-2624

*First Class Mail*
)
Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

*First Class Mail*
)
Peter A. Chapman
572 Fernwood Lane
Fairless Hills, PA 19030

*First Class Mail*
)
Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Rd.
Baltimore, MD 21214

*First Class Mail*
)
Michael J. Urbis
Jordan, Hyden, Womble & Culbreth, P.C.
1534 E. 6th Street, Suite 104
Brownsville, TX 78520

*First Class Mail*
)
Mary A. Coventry
Sealed Air Corporation
200 Riverfront Blvd.
Elmwood Park, NJ 07407-1033

*First Class Mail*
)
Katherine White
Sealed Air Corporation
200 Riverfront Boulevard
Elmwood Park, NJ 07407

*First Class Mail*
)
Joseph T. Kremer, Esquire
Lipsiptz, Green, Fahringer, Roll, Salisbury
& Cambria, LLP
42 Delaware Avenue, Suite 300
Buffalo, NY 14202

*First Class Mail*
)
Paul D. Henderson, Esquire
Paul D. Henderson, P.C.
712 Division Avenue
Orange, TX 77630

*First Class Mail*
)
Robert Jacobs, Esquire
Maria Rosoff Eskin
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE 19899

*First Class Mail*
)
Elizabeth S. Kardos, Esquire
Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310

*First Class Mail*
)
Thomas J. Noonan, Jr.
c/o R& S Liquidation Company
5 Lyons Mall PMB #530
Basking Ridge, NJ 07920-1928

*First Class Mail*
(Counsel to Public Service Electric and Gas
Company)
William E. Frese, Esquire
Attn: Sheree L. Kelly, Esquire
80 Park Plaza, T5D
P.O. Box 570
Newark, NJ 07101

*First Class Mail*
(Counsel to Official Committee of
Unsecured Creditors)
William S. Katchen, Esquire
Duane Morris LLP
744 Broad Street
Suite 1200
Newark, NJ 07102-3889

*First Class Mail*
(Tennessee Department of Environment and
Conservation – Superfund)
Paul G. Sumers, Esquire
TN Attorney General's Office, Bankr. Unit
P.O. Box 20207
Nashville, TN 37202-0207

*First Class Mail*
(Counsel to numerous asbestos claimants)
Scott Wert, Esquire
Foster & Sear, LLP
524 E. Lamar Blvd., Ste 200
Arlington, TX 76011

*First Class Mail*
(Counsel to Berry & Berry)
C. Randall Bupp, Esquire
Bardelli, Straw & Cavin LLP
2000 Crow Canyon Place
Suite 330
San Ramon, CA 94583

*First Class Mail*
)
Anton Volovsek
P.O. Box 99
Kooskia, ID 83539-0099

*First Class Mail*
(Counsel to Weatherford U.S. Inc., and
Weatherford International Inc.)
Peter S. Goodman, Esquire
Andrews & Kurth LLP
450 Lexington Avenue, 15th Floor
New York, NY 10017

*First Class Mail*
)
Jonathan H. Alden, Esquire
Assistant General Counsel
3900 Commonwealth Boulevard, MS 35
Tallahassee, FL 32399-3000

*First Class Mail*
)
State Library of Ohio
c/o Michelle T. Sutter
Revenue Recovery
Office of the Attorney General
150 East Gay Street, 23rd Floor
Columbus, OH 43215

*First Class Mail*
)
Rosa Dominy
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA 31208-3708

*First Class Mail*
)
Greif, Inc.
Attn: Credit Department
366 Greif Parkway
Delaware, OH 43015

*First Class Mail*
(Counsel to SAP America, Inc.)
Stephanie Nolan Deviney
Brown & Connery, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ 08108

*First Class Mail*
)
Margaret Ann Nolan, County Solicitor
Camela Chapman, Senior Assistant County
Solicitor
Howard County Office of Law
George Howard Building
3430 Courthouse Drive, 3rd Floor
Ellicott City, MD 21043

*First Class Mail*
)
Danice Sims
P.O. Box 66658
Baton Rouge, LA 70896

*First Class Mail*
)
M. Diane Jasinski, Esquire
Michael D. Hess
Corporation Counsel of the City of New
York
100 Church Street, Room 6-127
New York, NY 10007

*First Class Mail*
)
Janet Napolitano
Robert R. Hall
Russell W. Savory
1275 West Washington Street
Phoenix, AZ 85007-1278

*First Class Mail*
)
Russell W. Savory
Gotten, Wilson & Savory, PLLC
88 Union Avenue, 14th Floor
Memphis, TN 38103

*First Class Mail*
)
Credit Manager
Belz Enterprises
100 Peabody Place, Suite 1400
Memphis, TN 38103

*First Class Mail*
)
James P. Ruggeri
Scott A. Shail
Hogan & Harton L.L.P.
555 Thirteenth Street,.N.W.
Washington, D.C. 20004-1109

*First Class Mail*
)
Daniel H. Slate, Esquire
Hughes Hubbard & Reed LLP
350 South Grand Avenue
Los Angeles, CA 90071-3442

*First Class Mail*
)
Andrea L. Hazzard, Esquire
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482

*First Class Mail*
)
Authur Stein, Esquire
1041 W. Lacey Road
P.O. Box 1070
Forked River, NJ 08731-6070

*First Class Mail*
)
Robert H. Rosenbaum, Esquire
M. Evan Meyers, Esquire
Meyers, Rodbell & Rosenbaum, P.A.
Berkshire Building
6801 Kenilworth Avenue, Suite 400
Riverdale, MD 20737-1385

*First Class Mail*
)
Colin D. Moore
Provost & Umphrey
Law Firm, L.L.P.
490 Park Street
Beaumont, TX 77701

*First Class Mail*
)
Anne Marie P. Kelley, Esquire
Dilworth Paxson, LLP
Liberty View – Suite 700
457 Haddonfield Road
P.O. Box 2570
Cherry Hill, NJ 08034

*First Class Mail*
)
Kevin James
Deputy Attorney General
1515 Clay Street, 20th Floor
Oakland, CA 94612-1413

*First Class Mail*
)
Dorine Vork, Esquire
Stibbe, P.C.
350 Park Avenue
New York, NY 10022

*First Class Mail*
)
Suexirda Prayaga
7365 MacLeod Lane
Ofallon, MO 63366

*First Class Mail*
)
Bart Hartman
Treasurer – Tax Collector
Attn: Elizabeth Molina
1600 Pacific Highway, Room 162
San Diego, CA 92101

*First Class Mail*
)
David Aelvoet, Esquire
Linebarger Goggan Blair Graham Pena &
Sampson, LLP
Travis Park Plaza Building
711 Navarro, Suite 300
San Antonio, TX 78205

*First Class Mail*
)
Robert Cimino, Esquire
Suffolk County Attorney
Attn: Diane Leonardo Beckmann, Asst.
County
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY 11788-0099

*First Class Mail*
(Counsel to Toyota Motor Credit)
Robert T. Aulgur, Jr., Esquire
P.O. Box 617
Odessa, DE 19730

*First Class Mail*
(Counsel to Dow Chemical Company,
Hampshire Chemical Corporation and Union
Carbide Corporation)
Kathleen Maxwell
Legal Department
The Dow Chemical Company
2030 Dow Center/Office 732
Midland, MI 48674

*First Class Mail*
)
Anne Marie P. Kelley, Esquire
Dilworth Paxson, LLP
Liberty View – Suite 700
457 Haddonfield Road
Cherry Hill, NJ  08002

*First Class Mail*
(Counsel to General Electric Capital
Corporation)
Ronald S. Beacher, Esquire
Pitney, Hardin, Kipp & Szuch LLP
7 Times Square
New York, NY  10036-6524

*First Class Mail*
)
Attn: Diane Stewart
Peoples First Community Bank
P.O. Box 59950
Panama City, FL  32412-0950

*First Class Mail*
)
Gina Baker Hantel, Esquire
Attorney General Office
Bankruptcy Division
State of Tennessee
425 5th Avenue North, Floor 2
Nashville, TN  37243

*First Class Mail*
)
Jeffrey L. Glatzer, Esquire
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY  10020-1182

*First Class Mail*
)
Attn: Ted Weschler
Peninsula Capital Advisors, L.L.C.
404 East Main Street
Second Floor
Charlottesville, VA  22902

*First Class Mail*
)
E. Katherine Wells, Esquire
South Carolina Department of Health and
Environmental Control
2600 Bull Street
Columbia, SC  29201-1708

*First Class Mail*
)
James M. Garner, Esquire
Sher Garner Cahill Richter Klein & Hilbert,
L.L.C.
909 Poydras Street
Suite 2800
New Orleans, LA  70112-1033

*First Class Mail*
)
William H. Johnson, Esquire
Norfolk Southern Corporation
Law Department
Three Commercial Place
Norfolk, VA  23510-9242

*First Class Mail*
(Counsel to Wells Fargo Bank Minnesota,
National Association)
Pillsbury Winthrop LLP
1540 Broadway #9
New York, NY  10036-4039

*First Class Mail*
(Counsel to Wells Fargo Bank Minnesota,
National Association)
Craig Barbarosh, Esquire
Pillsbury Winthrop LLP
650 Town Center Drive, Suite 550
Costa Mesa, CA  92626-7122

**First Class Mail**
(Counsel to Aldine Independent School
District)
Aldine Independent School District
Jonathan C. Hantke, Esquire
Pamela H. Walters, Esquire
14910 Aldine-Westfield Road
Houston, TX 77032

**First Class Mail**
)
DAP Products, Inc.
c/o Julien A. Hecht, Esquire
2400 Boston Street, Suite 200
Baltimore, MD 21224

**First Class Mail**
)
Steven B. Flancher, Esquire
Assistant Attorney General
Department of Attorney General
Revenue and Collections Division
P.O. Box 30754
Lansing, MI 48909

**First Class Mail**
(Counsel to Asbestos Claimants)
Deirdre Woulfe Pacheco, Esquire
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive
P.O. Box 10
Woodbridge, NJ 07095

**First Class Mail**
(Counsel to Occidental Permian, Ltd.)
John W. Havins, Esquire
Havins & Associates PC
1001 McKinney Street, Suite 500
Houston, TX 77002-6418

**First Class Mail**
(Counsel to The Texas Comptroller of
Public Accounts)
Mark Browning, Esquire
Assistant Attorney General
c/o Sherri K. Simpson, Legal Assistant
Office of the Attorney General
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711-2548

**First Class Mail**
(Counsel to Fireman's Fund Insurance
Company)
Leonard P. Goldberger, Esquire
Stevens & Lee, P.C.
1818 Market Street, 29th Floor
Philadelphia, PA 19103-1702

**First Class Mail**
(Comptroller of Public Accounts of the State
of Texas)
Kay D. Brock, Esquire
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711-2548

**First Class Mail**
(Counsel to Anderson Memorial Hospital)
Daniel A. Speights, Esquire
Speights & Runyan
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC 29924

**First Class Mail**
)
General Motors Acceptance Corporation
P.O. Box 5055
Troy, MI 48007-5055

*First Class Mail*
)
Donna J. Petrone, Esquire
ExxonMobil Chemical Company
Law Department – Bankruptcy
13501 Katy Freeway, Room W1-562
Houston, TX  77079-1398

*First Class Mail*
(Counsel to Potash Corp.)
David W. Wirt, Esquire
Winston & Strawn
35 West Wacker Drive
Chicago, IL  60601

*First Class Mail*
(Counsel for Reaud, Morgan & Quinn, Inc.
and Environmental Litigation Group, PC)
Sander L. Esserman, Esquire
Robert T. Brousseau, Esquire
Van J. Hooker, Esquire
Stutzman Bromberg, Esserman & Plifka PC
2323 Bryan Street, Suite 2200
Dallas, TX  75201

*First Class Mail*
(Counsel to Huntsman Corporation)
Randall A. Rios
Floyd, Isgur, Rios & Wahrlich, P.C.
700 Louisiana, Suite 4600
Houston, TX  77002

*First Class Mail*
(Zonolite Attic Litigation Plaintiffs)
Elizabeth J. Cabraser, Esquire
Lieff, Cabraser, Heimann & Bernstein, LLP
Embacadero Center West, 30th Floor
275 Battery Street
San Francisco, CA  94111

*First Class Mail*
(Zonolite Attic Litigation Plaintiffs)
Thomas M. Sobol, Esquire
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, Massachusetts 02142

*First Class Mail*
(Zonolite Attic Litigation Plaintiffs)
Robert M. Fishman, Esquire
Shaw Gussis Domanskis Fishman & Glantz
321 N. Clark Street
Suite 800
Chicago, Illinois 60610

*First Class Mail*
)
Edward H. Tillinghast, III, Esquire
Sheppard, Mullin, Richter & Hampton LLP
Twenty-fourth Floor, 30 Rockefeller Plaza
New York, NY  10112

*First Class Mail*
(Counsel to Marco Barbanti)
Darrell W. Scott
The Scott Law Group
926 W. Sprague Ave., Suite 583
Spokane, WA  99201

*First Class Mail*
(Missouri Department of Revenue)
Missouri Department of Revenue
Bankruptcy Unit
Gary L. Barnhart
PO Box 475
Jefferson City, MO  65105-0475

*First Class Mail*
(Peters, Smith & Company)
Mr. Charles C. Trascher III, Esquire
Snellings, Breard, Sartor, Inabnett &
Trascher, LLP
PO Box 2055
Monroe, LA  71207

*First Class Mail*
(The Baupost Group LLC)
Gary M. Becker, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

*First Class Mail*
(Attorney General of PA(Commonwealth of
PA, Dept. of Revenue)
Christopher R. Momjian
Senior Deputy Attorney General
I.D. No. 057482
Office of Attorney General
21 S. 12th Street, 3rd. Floor
Philadelphia, PA 19107-3603

*First Class Mail*
)
Denise A.Kuhn
Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603

*First Class Mail*
(Snack, Inc.)
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166

*First Class Mail*
(Snack, Inc.)
Vahe Melkonian
Newco Management Company, LLC
6320 Canoga Avenue, Suite 1430
Woodland Hills, CA 91367

*First Class Mail*
(W.C. Baker, E.E. Jaques, B.H. Miller, M.R.
Fisher, S.R. Ormsbee, M. Rea and the Fisher
Trust)
Richard B. Specter, Esquire
Corbett, Steelman & Specter
18200 Von Karman Avenue, Suite 900
Irvine, CA 92612

*First Class Mail*
(Counsel to AON Consulting, Inc.)
Barry D. Kleban, Esquire
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102

*First Class Mail*
)
Michael Selig
Westover Investments, L.L.C.
555 Old Garth Road
Charlottesville, VA 22901

*First Class Mail*
(Hearthside Residential Corp.)
Allan H. Ickowitz, Esquire
Nossaman, Guthner, Knox & Elliott, LLP
445 South Figueroa Street, 31st Floor
Los Angeles,CA 90071

*First Class Mail*
(Georgia Department of Revenue)
Oscar B. Fears, III
Office of the Attorney General
40 Capitol Square, SW
Atlanta, GA 30334

*First Class Mail*
)
Philip J. Ward
Victoria Radd Rollins
Williams & Connolly LLP
725 Twelfth Street NW
Washington, DC 20005

*First Class Mail*
)
Margaret A. Holland
Deputy Attorney General
New Jersey Attorney General's Office
Division of Law
R.J. Hughes Justice Complex
P.O. Box 106
Trenton, NJ 08625

*First Class Mail*
)
Rachel Jeanne Lehr
Deputy Attorney General
Office of the Attorney General
R.J.Hughes Justice Complex
P.O. Box 093
Trenton, NJ 08625

*First Class Mail*
)
Larry A. Feind
133 Peachtree Street, N.E.
7th Floor
Atlanta ,GA 30303

*First Class Mail*
)
Bryan Shapiro
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, NY 10179

*First Class Mail*
(Counsel to County Of Dallas)
Elizabeth Weller
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan Street, Suite 1720
Dallas, TX 75201-2691

*First Class Mail*
)
Mr. Mark Hankin
HanMar Associates, M.L.P.
P.O. Box 26767
Elkins Park, PA 19027

*First Class Mail*
(Counsel to Travelers Casualty and Surety
Company)
Lynn K. Neuner, Esquire
Simpson, Thacher, & Bartlett
425 Lexington Avenue
New York, NY 10017-3954

*First Class Mail*
(Counsel to Kaneb Pipe Line Operating
Partnership LP and Support Terminal
Services, Inc.)
Gerald G. Pecht, Esquire
Fulbright & Jaworski, LLP
1301 McKinney, Suite 5100
Houston, TX 77010-3095

*First Class Mail*
)
Jonathan D. Berger, Esquire
Russell Henkin, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103-6365

*First Class Mail*
(Counsel to Novak Landfill RD/RA Group)
Noel C. Burnham, Esquire
Richard G. Placey, Esquire
Montgomery, McCracken, Walker &
Rhoads LLP
123 South Broad Street
Avenue of the Arts
Philadelphia, PA 19109

*First Class Mail*
)
DACA V, LLC
Attn: Julie Bubnack
1565 Hotel Cir S
Ste 310
San Diego, CA 92108-3419

*First Class Mail*
(Counsel to Lawson Electric Co.)
Ronald D. Gorsline
Chambliss, Bahner, & Stophel, P.C.
1000 Tallan Building, Ste. 1000
Two Union Square
Chattanooga, TN 37402-2552

*First Class Mail*
)
Jon Bauer
Contrarian Capital Management, LLC
411 West Putnam Avenue, Suite 225
Greenwich, CT  06830

*First Class Mail*
(Counsel to County of San Diego)
Martha E. Romero, Esquire
6516 Bright Avenue
Whittier, CA  90601-4503

*First Class Mail*
(Counsel to National Union Fire Insurance
Co. of Pittsburgh, PA)
Michael S. Davis, Esquire
Zeichner Ellman & Krause
575 Lexington Avenue
10th Floor
New York, NY  10022

*First Class Mail*
(Counsel to The Burlington Northern and
Santa Fe Railway Company)
Richard A. O'Halloran, Esquire
Burns, White & Hickton, LLC
531 Plymouth Road, Suite 500
Plymouth Meeting, PA  19462

*First Class Mail*
(Counsel to the City of Knoxville)
Hillary Browning-Jones
Assistant City Attorney
P.O. Box 1631
Knoxville, TN  37901

*First Class Mail*
(Counsel to Westcor)
Don C. Fletcher, Esquire
The Cavanagh Firm, P.A.
1850 North Central Avenue
Suite 2400
Phoenix, AZ 85004

*First Class Mail*
(Carteret Venture)
Mr. Harvey Schultz
The Schultz Organization
4 Woods End
Ocean, NJ  07712-4181

*First Class Mail*
(Counsel to State of New York, Dept. of
Taxation and Finance)
Barbara G. Billet, Esquire
Elaine Z. Cole, Esquire
New York State Department of Taxation and
Finance
340 E. Main Street
Rochester, NY  14604

*First Class Mail*
(Special Counsel to Debtors)
James J. Restivo, Esquire
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA  15219

*First Class Mail*
(Counsel to West Group)
Michael S. Sandberg, Esquire
Hellmuth & Johnson, PLLC
10400 Viking Drive, Suite 560
Eden Prairie, MN  55344

*First Class Mail*
(Counsel to Certain Underwriters at Lloyd's
London)
Thomas J. Quinn, Esquire
Mendes & Mount, LLP
750 Seventh Avenue
New York, NY  10019-6829

*First Class Mail*
(Counsel to the U.S. Environmental
Protection Agency)
Jerel L. Ellington, Esquire
U.S. Department of Justice
Environment and Natural Resource Division
Environmental Enforcement Section
1961 Stout Street – 8th Floor
Denver, CO 80294

*First Class Mail*
(Counsel to the State of Minnesota)
Ann Beimdiek Kinsella
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2127

*First Class Mail*
(Counsel to Union Tank Car Company)
Deborah L. Thorne, Esquire
FabelHaber LLC
55 East Monroe Street, 40th Floor
Chicago, IL 60603

*First Class Mail*
)
Brad N. Friedman
Rachel Fleishman
Milberg Weiss Bershad Hynes & Lerach
LLP
One Pennsylvania Plaza
New York, NY 10119-0165

*First Class Mail*
)
Xerox Capital Services, LLC
Attention: Cathy Flowers
800 Carillon Parkway
St. Petersburg, FL 33716-9876

*First Class Mail*
(Counsel to Royal Insurance)
Carl Pericone, Esquire
Wilson, Elser, Moskowitz, Edelman, Dicker
LLP
150 East 42nd Street
New York, NY 10019-5639

*First Class Mail*
(Counsel to James Grau, Anna Grau and
Harry Grau & Sons, Inc.)
Edward L. Jacobs, Esquire
Bankemper & Jacobs
The Shaw House
26 Audubon Place
P.O. Box 70
Fort Thomas, KY 41075-0070

*First Class Mail*
(Counsel to Ben Bolt-Palito-Blanco ISD,
Brownsville ISD, Cameron County,
Hildalgo County, Orange Grove, Orange
Grove ISD, Premont ISD)
Lori Gruver Robertson, Esquire
Linebarger Goggan Blair Pena & Sampson,
LLP
1949 South I.H. 35 (78741)
P.O. Box 17428
Austin, TX 78760

*First Class Mail*
(Counsel to Cornell University)
Anthony F. Parise
Cornell University
Office of University Counsel
300 CCC Building, Garden Avenue
Ithaca, NY 14853-2601

*First Class Mail*
(Counsel to the Libby Mine Claimants)
Daniel C. Cohn, Esquire
Christopher M. Candon, Esquire
Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA 02110

*First Class Mail*
(Counsel to Enron Corp., et al.)
General Counsel
Enron Energy Services
P.O. Box 1188, Suite 1600
Houston, TX  77251-1188

*First Class Mail*
(Counsel to Town of Acton, MA)
Thomas O. Bean
McDermott, Will & Emery
28 State Street
34th Floor
Boston, MA  02109-1775

*First Class Mail*
(Federal Insurance Company)
Jacob C. Cohn, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA  19103

*First Class Mail*
)
Contrarian Capital Trade Claims LP
Attn: Alisa Minsch
411 W. Putnam Ave. S-225
Greenwich, CT  06830-6263

*First Class Mail*
)
Debt Acquisition Co of America V LLC
1565 Hotel Cir S
Suite 310
San Diego, CA  92108-3419

*First Class Mail*
)
Longacre Master Fund Ltd.
Attn: Maurie Shalome
810 7th Avenue, 33rd Fl.
New York, NY  10019-5818

*First Class Mail*
)
Sierra Asset Management LLC
2699 White Rd., Ste. 225
Irvine, CA  92614-6264

*First Class Mail*
)
Trade-Debt.Net
P.O. Box 1487
West Babylon, NY  11704-0487

*First Class Mail*
(Counsel for State Street Global Advisors)
Daniel M. Glosband, P.C.
Goodwin Procter LLP
Exchange Place
Boston, MA  02109

*First Class Mail*
)
John Preefer
128 Willow St Apt 6B
Brooklyn,  NY 11201

*First Class Mail*
)
Michael B. Schaedle, Esquire
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA  19103

*First Class Mail*
)
Peter B. McGlynn, Esquire
Bruce D. Levin, Esquire
Bernkopf Goodman LLP
125 Summer Street, Suite 1300
Boston, MA  02110

*First Class Mail*
(Counsel to David Austern, the Future
Claimants' Representative)
Roger Frankel, Esquire
Richard H. Wyron, Esquire
Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005-1706

*First Class Mail*
)
Lauren Holzman
Claims Processor
Euler Hermes ACI
800 Red Brook Boulevard
Owings Mills, MD 21117

*First Class Mail*
(Counsel to Keri Evans, on behalf of herself
and all others similarly situated as Plaintiff
in ERISA litigation, Civil Action No. 04-
11380)
Michael S. Etkin, Esquire
Ira M. Levee, Esquire
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068

*First Class Mail*
(Counsel to Charlotte Transit Center, Inc.)
Amy Pritchard-Williams, Esquire
Margaret R. Westbrook, Esquire
Kennedy Covington Lobdell & Hickman,
LLP
Hearst Tower, 47th Floor
214 N. Tryon Street
Charlotte, NC 28202

*First Class Mail*
(Counsel to Ancel Abadic and 410
additional claimants)
Julie Ardoin, Esquire
Julie Ardoin, LLC
2200 Veterans Memorial Boulevard
Suite 210
Kenner, LA 70062-4032

*First Class Mail*
(Counsel to Allstate Insurance Company)
Stefano Calogero, Esquire
Andrew K. Craig, Esquire
Cuyler Burk, LLP
Parsippany Corporate Center
Four Century Drive
Parsippany, NJ 07054

*First Class Mail*
(Counsel to Citicorp Del-Lease, Inc. d/b/a
Citicorp Dealer Finance)
Sergio I. Scuteri, Esquire
Farr, Burke, Gambacorta & Wright, P.C.
1000 Atrium Way, Suite 401
P.O. Box 669
Mount Laurel, NJ 08054-0669

*First Class Mail*
(Counsel to Everest Reinsurance Company
and Mt. McKinley Insurance Company)
Mark D. Plevin, Esquire
Leslie A. Epley, Esquire
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

*First Class Mail*
(Counsel to The Van Cott, Bagley, Cornwall
& McCarthy 401(K) Profit Sharing Plan)
J. Robert Nelson, Esquire
Van Cott, Bagley, Cornwall & McCarthy
50 South Main Street, #1600
P.O. Box 45340
Salt Lake City, UT 84145

*First Class Mail*
(Counsel to Claimants, American Legion, Catholic Diocese of Little Rock, City of Barnesville, Cherry Hill Plaza, Church of the Most Holy Redeemer, Church of St. Joseph, Church of St. Luke, Church of St. Helena, Church of St. Leo the Great, First United Methodist Church, Fargo Housing Authority, Alvin Foss, State of Washington and Port of Seattle)
Fredrick Jekel, Esquire
Motley Rice LLC
28 Bridgeside Blvd.,
P.O. Box 1792
Mt. Pleasant, SC 29465

*First Class Mail*
(Counsel to American Employers Insurance Co, Employers Commercial Union n/k/a OneBeacon A (Counsel to American Employers Insurance Co, Employers Commercial Union n/k/a OneBeacon America Insurance Co and Unigard Insurance Co)
Michael F. Brown, Esquire
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996

*First Class Mail*
(Counsel to U.S. Fire Insurance Company)
Harry Lee, Esquire
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

*First Class Mail*
(Counsel to American Premier
Underwriters, Inc.)
Matthew J. Siembieda, Esquire
Benjamin G. Stonelake, Esquire
Scott E. Coburn, Esquire
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

*First Class Mail*
(Transfer Agent)
DK Acquisition Partners
65 East 55th Street, 19th Floor
New York, NY 10022

*First Class Mail*
(Transfer Agent)
Fair Harbor Capital LLC
875 Avenue of the Americas, Ste. 2305
New York, NY 10001

*First Class Mail*
(Counsel to Macerich Fresno LP)
William P. Bowden, Esquire
Amanda M. Winfree, Esquire
Ashby & Geddes, P.A.
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899

*First Class Mail*
(Counsel to Macerich Fresno LP)
M. David Minnick, Esquire
Michael P. Ellis, Esquire
Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
San Francisco, CA 94105-2228

*First Class Mail*
(Counsel to Macerich Fresno LP)
Gerald F. George, Esquire
Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
San Francisco, CA 94105-2228

*First Class Mail*
(Counsel to HRCL and Eaves)
Joseph D. Frank, Esquire
Frank/Gecker LLP
325 North LaSalle Street
Suite 625
Chicago, IL 60610

*First Class Mail*
(Counsel to all clients of the Robles law firm)
David Jagolinzer, Esquire
Ferraro & Associates, P.A.
Suite 700
4000 Ponce de Leon Blvd.
Miami, FL 33146

*First Class Mail*
(Counsel to PacifiCorp)
Steven J. McCardell, Esquire
Jared Inouye, Esquire
Durham Jones & Pinegar
111 E. Broadway, Suite 900
Salt Lake City, UT 84111

*First Class Mail*
(Counsel to Iowa Dept. of Revenue)
John Waters, Esquire
Iowa Department of Revenue
Collections Section
P.O. Box 10457
Des Moines, IA 50306

*First Class Mail*
(Counsel to the Ad Hoc Committee of
Equity Security Holders)
Martin J. Bienenstock, Esquire
Judy G.Z. Liu, Esquire
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

*First Class Mail*
)
Jeffrey S. Hebrank, Esquire
Carl P. McNulty, II, Esquire
Burroughs, Hepler, Broom, MacDonald,
Hebrank & True, LLP
103 West Vandalia Street, Suite 300
P.O. Box 510
Edwardsville, IL 62025-0510

*First Class Mail*
(Counsel to The Prudential Insurance
Company of America)
Joseph L. Schwartz, Esquire
Curtis M. Plaza, Esquire
Craig T. Moran, Esquire
Riker Danzig Scherer Hyland & Perretti
LLP
Headquarters Plaza, 1 Speedwell Avenue
Morristown, NJ 07962-1981

*First Class Mail*
(Counsel to State of California, Dept. of
General Svcs)
Steven J. Mandelsberg, Esquire
Christina J. Kang, Esquire
Hahn & Hessen LLP
488 Madison Avenue
New York, NY 10022

*First Class Mail*
(Counsel to Dies & Hile LLP)
Pryor Cashman LLP
Attn: Richard Levy, Jr., Esquire
410 Park Avenue
New York, NY 10022-4441

*First Class Mail*
)
Dr. Anthony Pilavas
25-09 31st Avenue
Astoria, NY 11106

*First Class Mail*
(Counsel for Personal Injury Claimants)
Hal Pitko, Esquire
The Falls at Lambertville
315 South Main Street
Lambertville, NJ 08530