IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: W.R. Grace & Co., *et al.*

| | |
|---|---|
| Libby Claimants,<br><br>    Appellants,<br><br>v.<br><br>W.R. Grace & Co., *et al.*,<br><br>    Appellees. | 1:08-mc-00090-RLB<br><br><br>Bankruptcy Case No. 01-1139<br>Adversary Case No. 01-771<br>Appeal No. 08-27 |

**REPLY OF LIBBY CLAIMANTS IN SUPPORT OF MOTION
FOR LEAVE TO APPEAL ORDER ENJOINING ACTIONS AGAINST BNSF**

The Libby Claimants[1] by and through their counsel, Cohn Whitesell & Goldberg LLP

and Landis Rath & Cobb LLP, hereby submit this Reply in support of the Motion and in

response to: (i) (Corrected) Opposition of W.R. Grace & Co. to Libby Claimants' Motion for

Leave to Appeal Order Enjoining Actions Against BNSF dated May 8, 2008 (the "Grace

Opposition") [Dist. Crt. D.I. 7; Adv. Proc. D.I. 533], (ii) Maryland Casualty Company's

Objection to Motion of Libby Claimants for Leave to Appeal Order Enjoining Actions Against

BNSF dated May 5, 2008 (the "Maryland Casualty Objection") [District Crt. D.I. 3], (iii)

Maryland Casualty Company's Joinder in Opposition to Motion of Libby Claimants for Leave to

Appeal Order Enjoining Actions Against BNSF dated May 6, 2008 [District Crt. D.I. 6], and (iv)

Arrowood Indemnity Company f/k/a Royal Indemnity Company's Joinder in Opposition to

Motion of Libby Claimants for Leave to Appeal Order Enjoining Actions Against BNSF dated

May 7, 2008 [Adv. Proc. D.I. 529]. In support of this Reply, the Libby Claimants state:

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion of Libby Claimants for Leave to Appeal Order Enjoining Actions Against BNSF [District Crt. D.I. 1; Adv. Proc. D.I. 511] (the "Motion").

I.    **The Order is Appealable as of Right**

The Libby Claimants filed the Motion as an alternative to their notice of appeal, wherein they assert that the Order is appealable as of right pursuant to 28 U.S.C. § 158(a)(1) or 28 U.S.C. § 1292(a)(1).  Grace incorrectly asserts that this Court has previously recognized that "the Libby Claimants' appeals of expansions of the injunction is governed not by 28 U.S.C. § 1292(a)(1), but instead by 28 U.S.C. § 158."  Grace Opposition at p. 6.  In the prior appeals, the Libby Claimants were challenging the entry of "temporary stays" as improperly entered injunctions. This Court did not agree that the "temporary stays" were injunctions.  See 4/25/06 Hr'g Tr. at 5:6-7 ("I don't think it's an injunction.").[2]  In this case, there is no dispute that the Order is an injunction since the bankruptcy court denominated it as such.  This Court has not yet ruled on whether an actual injunction of the bankruptcy court may be appealed as of right.  The Libby Claimants submit that such a right exists.  See Motion at pp. 6-11.

The cases cited by Grace[3] in its argument that 28 U.S.C. § 1292(a)(1) does not apply to appeals to the district court from bankruptcy court injunctions do not support that proposition.  In those cases, the Court of Appeals merely recited the jurisdictional history (as most decisions do) but did not face the situation of an appeal of a bankruptcy court injunction to the district court. Courts in the Third Circuit actually facing this scenario have consistently concluded that bankruptcy court injunctions are appealable as of right to the district court.  See In re Prof'l Ins. Mgmt., 246 B.R. 47, 59 (D. N.J. 2000), vacated and remanded on other grounds, 285 F.3d 268, 282 n.16 (3d Cir. 2002) (approval of District Court's analysis of appellate jurisdiction); Honig v. Broege (In re Midstate Mortgage Investors Group, L.P.), 2006 WL 3308585, *3-4 (D. N.J. 2006); In re Reliance Acceptance Group, Inc., 235 B.R. 548, 553 (D. Del. 1999); D'Avella, Jr. v.

---

[2] Case No. 06-26, District Crt. D.I. 27.
[3] Grace Opposition at pp. 6-7, n.8.

City of Newburgh (In re Bertoli), 1987 WL 8196, *4 (D. N.J. 1987). The Third Circuit's recital of jurisdiction in non-analogous cases does not represent a long line of Third Circuit cases that the Libby Claimants are asking this Court to reject. The only cases Grace cites that support its position are district court decisions from the Second Circuit that directly contravene the established precedent in this Circuit represented by the Prof'l Ins. Mgmt., Midstate Mortgage, Reliance Acceptance, and Bertoli decisions.

Circuit-level authority outside the Third Circuit favors the Libby Claimants' position. The Ninth Circuit Court of Appeals recently held that a bankruptcy court injunction "constitutes an appealable final decision." Solidus Networks, Inc. v. Excel Innovations, Inc. (In re Excel Innovations, Inc.), 502 F.3d 1086, 1092 (9th Cir. 2007). Grace attempts to dismiss the Ninth Circuit case as a "new twist" that is somehow "contrary to Third Circuit authority." Grace Opposition at p. 9. But the reasoning of Excel Innovations applies equally to the present appeal. See Motion at pp. 9-10. Rather than refuting Excel Innovations, Grace cites cases that it admits "are not bankruptcy cases" and, indeed, do not even involve injunctions. One of the cases Grace cites suggests that if an injunction had been involved, it would have been appealable. See Hoots v. Pennsylvania, 587 F.2d 1340, 1348 (3d Cir. 1978) (stays that are "injunctive in character" *are* appealable). Thus, the cases cited by Grace, to the extent relevant at all, support the Libby Claimants' position.

## II.    The Libby Claimants Have Met the Standard for Granting Leave to Appeal

If this Court concludes that the Order is an interlocutory order requiring leave to appeal under 28 U.S.C. § 158(a)(3), leave should be granted because exceptional circumstances exist and all other criteria for granting an interlocutory appeal have been met. Grace's Opposition demonstrates as much. Remarkably, Grace asserts that there are no substantial grounds for a

difference of opinion as to any controlling question of law, then proceeds to disagree with the Libby Claimants that the controlling law consists of the Pacor/Federal-Mogul/Combustion Engineering line of decisions,[4] asserting instead that controlling law consists of the expressly non-precedential Gerard decision which Grace argues (incorrectly, in the Libby Claimants' view) must be followed because it is law of the case.[5]  If nothing else, Grace's attack on long-standing Third Circuit authority is a concession that there are grounds for differing opinions on questions of law.

Grace's own filings with respect to this matter (Grace filed two versions of its Opposition, the subsequent "Corrected" having been filed in the Bankruptcy Court two days after the initial filing) establish a critical reason why the Bankruptcy Court lacked subject matter jurisdiction in this case just as it did in Pacor, Federal-Mogul, and Combustion Engineering.  In its "Corrected" Opposition, Grace specifically revised its pleading to eliminate any acknowledgement that the BNSF contractual indemnification claims are undisputed and to highlight its position that it denies the validity of such claims.  See Grace Opposition at p. 13, n.4 ("Grace does not concede and specifically denies that BNSF has valid contractual indemnification rights against Grace for the causes of action alleged in the [BNSF Litigation].")[6] Grace's challenge to the validity of BNSF's indemnification claims serves as Grace's admission that the case is parallel with Federal-Mogul.  As was stated by the Libby Claimants in the Motion:

> At most, any BNSF indemnity agreements—if extant at all, and if they were to be properly introduced and received into evidence—would be analogous to the indemnification agreements submitted by Chrysler in the

---

[4]  In re Combustion Engineering, Inc., 391 F.3d 190 (3d Cir. 2004); In re Federal-Mogul Global, Inc., 282 B.R. 301 (D. Del.), mandamus denied, 300 F.3d 368 (3d Cir. 2002), cert. denied sub nom. Daimler Chrysler Corp. v. Official Comm. of Asbestos Claimants, 537 U.S. 1148 (2003); Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984).
[5]  Carol Gerard v. W.R. Grace & Co. (In re W.R. Grace & Co.), 115 Fed. Appx. 565 (3d Cir. 2004).
[6]  The initial Opposition was filed on May 6, 2008. [Dist. Crt. D.I. 4; Adv. Proc. D.I. 524.]

Federal-Mogul case, as to which the District Court stated that "the question whether this purported indemnity agreement would be determined to bind the [debtors] is open and one not easily resolved. The Court is unwilling again to rest subject matter jurisdiction on this tenuous support." Id. at 311 (quoting In re Asbestos Litig., 271 B.R. 118, 124 (S.D. W. Va. 2001)). The District Court concluded: "To the extent that the validity of an indemnity agreement is in doubt, the directness between the third-party action and a judicial ruling that will affect the estate is attenuated." Federal-Mogul, 282 B.R. at 311-12.

Motion at p. 21. In sum, Grace offers no argument to differentiate the instant matter from Pacor, Federal-Mogul, and Combustion Engineering. Given that the Order is contrary to long-established Third Circuit precedent and inconsistent with the Bankruptcy Court's own State Injunction Denial Order, there is substantial ground for a difference of opinion from the Bankruptcy Court's holding in the Order.

In its Opposition, Grace also suggests that "the Libby Claimants do not contend that the Court applied the incorrect legal standard" for the issuance of the injunction of the BNSF Litigation. Grace Opposition at pp. 15-16. That characterization of the Libby Claimants' position is wrong. As discussed in the Motion, the Bankruptcy Court's reliance on collateral estoppel and "record taint" as justification for issuance of the injunction has no legal basis whatsoever. The Bankruptcy Court's reliance on disputed and unproven indemnity claims as the basis for "related-to" jurisdiction can be explained, if at all, only as the application of a legal standard other than the one enunciated by the Third Circuit in (most particularly) Federal-Mogul. If Grace is attempting to draw a distinction between "legal standards" (supporting interlocutory review) and factual findings (which do not), then it is perfectly clear that the Bankruptcy Court's injunction presents a violation of legal standards because the Bankruptcy Court had no evidentiary record whatsoever on which to base any finding of fact. The Bankruptcy Court's issuance of an injunction without any evidentiary record is certainly the application of an

5

incorrect legal standard. At every turn in this matter, the Libby Claimants have questioned the Bankruptcy Court's legal authority to enjoin the BNSF Litigation.

The issue in this appeal is the Bankruptcy Court's failure to apply the Third Circuit's heavily litigated, thoughtfully considered and now well established precedent concerning subject matter jurisdiction to enjoin third-party litigation. This error, especially when viewed in combination with the other errors committed by the Bankruptcy Court including failure to require any evidentiary support for the injunction sought by Grace and failure to consider the suffering of the Libby Claimants, establish exceptional circumstances that should impel this Court to grant leave for the Libby Claimants to appeal from the Order.

## III.    Gerard is Not Law of the Case

By their oppositions, Grace and Maryland Casualty Company ("Maryland Casualty") argue that Gerard is law of the case. See Grace Opposition at p. 13; Maryland Casualty Objection at p. 1.[7] However, the doctrine of law of the case has no application to Grace's request to enjoin the BNSF Litigation because (a) this request for a new injunction is **not the same case** as Gerard and (b) law of the case does not apply where there is a supervening precedent that overrules Gerard (or, more precisely, Grace's and Maryland Casualty's interpretation of Gerard).

### A.    Grace's Request to Enjoin the BNSF Litigation is Not the Same Case as Gerard

Under the law of the case doctrine, once an issue has been decided it will not be relitigated in the same case except in unusual circumstances. Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 165 (3d Cir. 1982). "[T]he doctrine posits that when a court decides

---

[7] Maryland Casualty filed a one-sentence objection in which it asserts that the Motion is "inconsistent with the law of the case as established by the Bankruptcy Court and the U.S. Court of Appeals for the Third Circuit in this Adversary Proceeding."

393.001-20467.doc

upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-16 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 (1983) (dictum)); see also Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997). "This rule of practice promotes the finality and efficiency of the judicial process by 'protecting against agitation of settled issues.'" Christianson, 486 U.S. at 815 (quoting 1B J. Moore, J. Lucas & T. Currier, Moore's Federal Practice ¶ 0.404[1], p.118 (1984)). Its purpose is to "maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." Casey v. Planned Parenthood of Southeastern Pennsylvania, 14 F.3d 848, 856 (3d Cir. 1994) (citations omitted).

Grace's request for an injunction against the BNSF Litigation does not concern the same issues, does not involve the same parties, and, therefore, is not the same case as Gerard. The happenstance (or stratagem) that Grace sought to amend the complaint in this pre-existing adversary proceeding to include BNSF and the Libby Claimants rather than file a new adversary proceeding does not cause Grace's request for a new injunction against different litigation among different parties[8] to be the same "case" as the injunction against the Gerard litigation for purposes of "law of the case." See U.S. v. Guy, 903 F.2d 1240, 1242 (9th Cir. 1990) (law of the case does not apply where court is faced with a similar dispute involving different parties). For this reason alone, law of the case does not govern Grace's request to enjoin the BNSF Litigation.

---

[8] See Debtors' Motion for Leave to Further Amend Complaint dated March 16, 2007 [Adv. Proc. D.I. 395], whereby Grace seeks to amend the original complaint to include BNSF and the Libby Claimants. Many of the Libby Claimants in the BNSF Litigation were not plaintiffs in the Gerard matter versus Maryland Casualty, and of course BNSF was not a party in Gerard.

393.001-20467.doc

**B.    Law of the Case Does Not Apply Where Supervening Precedent Exists**

Law of the case does not apply where a supervening decision has changed an applicable rule of law.[9] Magnesium Elektron, 123 F.3d at 116 -117; AFD Fund v. Transmed Foods, Inc. (In re AmeriServe Food Distribution, Inc.), 315 B.R. 24 (Bankr. D. Del. 2004). Grace's and Maryland Casualty's interpretation of Gerard places it squarely contrary to In re Combustion Engineering, Inc., 391 F.3d 190 (3d Cir. 2004)—a later decision of the Third Circuit, and one expressly decided on a precedential basis in contrast to Gerard, which was issued as a non-precedential decision. In Gerard, the Third Circuit panel vacated a District Court order that the Bankruptcy Court lacked related-to jurisdiction for the Bankruptcy Court to expand the Preliminary Injunction to include the Libby Claimants' independent actions against Maryland Casualty. The decision is at odds with Combustion Engineering in permitting an injunction against litigation among third parties without requiring that the court be able to exercise jurisdiction over that litigation. Combustion Engineering made clear in the Third Circuit what had previously been made clear in the Fifth and Seventh Circuits: that a bankruptcy court must establish jurisdiction over the matter to be enjoined before issuing a Section 105 injunction. Combustion Engineering, 391 F.3d at 224-25; Feld v. Zale Corp. (In re Zale Corp.), 62 F.3d 746, 751 (5th Cir. 1995); Zerand-Bernal Group, Inc. v. Cox, 23 F.3d 159, 162 (7th Cir. 1994)("only after [the non-debtor lawsuits] are shoehorned into the bankruptcy court on authority of Section 1334(b) can such suits be stayed by authority of Section 105").

---

[9] The three primary exceptions to the law of the case doctrine, which permit reconsideration of an issue previously decided in a case, include situations in which: (i) new evidence is available; (ii) a supervening new law has been announced; or (iii) the earlier decision was clearly erroneous and would create manifest injustice. See Public Interest Research Group of New Jersey, Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 116 -117 (3d Cir. 1997).

It should also be noted that <u>Gerard</u> is distinguishable from the instant case by reason of its procedural posture. The <u>Gerard</u> panel imposed the burden of proof on the Libby Claimants because they sought to clarify or modify a preliminary injunction that already included their independent claims against Maryland Casualty (the Libby Claimants had not opposed initial entry of the injunction). This procedural peculiarity drove the <u>Gerard</u> decision. Specifically, the <u>Gerard</u> panel stated:

- But, here, the issue before the Bankruptcy Court was not whether it should exercise jurisdiction over suits pending elsewhere, nor even whether it should enjoin such suits, but, rather, whether it should modify an injunction already entered in the Bankruptcy Court in favor of Grace and [Maryland Casualty]. <u>Id</u>. at 567.

- It is important to note at the outset that the appeal before us is not an appeal from the entry of the Injunction, but, rather, from the Bankruptcy Court's refusal to interpret, alter, or reconsider the Injunction after its entry as Plaintiffs urge. Due to this procedural fact, it was Plaintiffs, as moving parties, who had the burden to demonstrate to the court that the Injunction was somehow improper as to them. This they failed to do. <u>Id</u>. at 568.

- We have little difficulty, especially given the constraints of Rule 60(b), in concluding that the Bankruptcy Court did not err in refusing to modify its previous grant of an injunction broad enough in scope to include a stay of The Lawsuit. <u>Id</u>. at 569.

The <u>Gerard</u> panel criticized the District Court's order vacating the injunction for lack of subject matter jurisdiction on the basis that the District Court did not appreciate "the nature of the proceeding before the Bankruptcy Court." <u>Id</u>. at 568. The <u>Gerard</u> panel stated that because the appeal concerned the Bankruptcy Court's refusal to modify an already-entered injunction, the "issue of bankruptcy jurisdiction to entertain the motion relating to the Injunction was in reality a non-issue." <u>Id</u>. at 568. The panel concluded that the order on appeal was "'related to' the case" because it resulted from an adversary proceeding seeking injunctive relief that Grace initiated. <u>Id</u>. at 568-69.

9

It is a misreading of <u>Gerard</u> for Grace to argue, on the basis of the words just cited, that <u>Gerard</u> establishes that bankruptcy jurisdiction exists to enjoin litigation among third parties merely because the debtor, as distinct from some other party in interest, filed an adversary proceeding requesting a Section 105 injunction. The panel was saying no more than that, when a party asks the bankruptcy court to modify a previously entered injunction, the relevant jurisdictional issue is whether the bankruptcy court has jurisdiction to consider the modification request rather than the underlying jurisdictional issue of whether the bankruptcy court had jurisdiction to enter the injunction in the first place. Whether or not the panel was correct in this regard, it is clear that the procedural posture of <u>Gerard</u>—involving a motion to modify or clarify an already-issued injunction rather than a motion to obtain an injunction in the first instance— permeated the panel's analysis of jurisdiction. Right or wrong, <u>Gerard</u> is simply irrelevant to the Order because **in the current situation** the issue is whether the Bankruptcy Court has jurisdiction to enter a new injunction, not limit an injunction that has already been entered. In sum, Grace's and Maryland Casualty's reliance on <u>Gerard</u> as having addressed the issue presented by this appeal is misplaced. <u>Gerard</u> is an expressly non-precedential decision superseded by, in contravention of and distinguishable from <u>Combustion Engineering</u> and the earlier line of decisions from the Third Circuit and elsewhere upon which it relies.

## Conclusion

For the reasons in the Motion and this Reply, if this Court should conclude that the Order is not appealable to this Court as of right (and, in any event, as an alternative to a determination that the Order is appealable as of right), this Court should enter an order granting the Libby Claimants leave to appeal pursuant to 28 U.S.C. § 158(a)(3).

Dated: May 16, 2008
      Wilmington, Delaware

LANDIS RATH & COBB LLP

*Kerri K. Mumford*

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE  19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450
Email: landis@lrclaw.com
         mumford@lrclaw.com

- and -

Daniel C. Cohn
Christopher M. Candon
COHN WHITESELL & GOLDBERG LLP
101 Arch Street
Boston, MA 02110
Telephone:  (617) 951-2505
Facsimile:  (617) 951-0679

*Counsel for the Libby Claimants*

393.001-20467.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: W.R. Grace & Co., *et al.*

| | |
|---|---|
| Libby Claimants,<br><br>            Appellants,<br><br>v.<br><br>W.R. Grace & Co., *et al.*,<br><br>            Appellees. | 1:08-mc-00090-RLB<br><br><br>Bankruptcy Case No. 01-1139<br>Adversary Case No. 01-771<br>Appeal No. 08-27 |

## AFFIDAVIT OF SERVICE

STATE OF DELAWARE    )
                      ) SS
NEW CASTLE COUNTY    )

        Cathy A. Adams, being duly sworn according to law, deposes and says that she is employed by the law firm of Landis Rath & Cobb LLP, attorneys for the Libby Claimants in the above-referenced cases, and on the 16th day of May, 2008, she caused a copy of the following:

**REPLY OF LIBBY CLAIMANTS IN SUPPORT OF MOTION FOR LEAVE TO
APPEAL ORDER ENJOINING ACTIONS AGAINST BNSF**

to be served upon the parties on the attached list via first class mail or in the manner as indicated.

                                     Cathy A. Adams

SWORN TO AND SUBSCRIBED before me this 16th day of May, 2008.

                                     
Notary Public          LINDA M. ROGERS
                         NOTARY PUBLIC
                       STATE OF DELAWARE
                  My commission expires June 20, 2011

**W.R. Grace & Co.,** *et al.*

**District Court Appeal**
**Service List**

Mark Shelnitz
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD  21044
(Debtors and Debtors in Possession)

David M. Bernick, P.C.
Janet S. Baer, Esquire
Lori Sinanyan, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
(Counsel to W.R. Grace & Co., *et al.*)

**HAND DELIVERY**
Laura Davis Jones, Esquire
James E. O'Neill, Esquire
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899
(Counsel to Debtors and Debtors in Possession)

Lewis Kruger, Esquire
Kenneth Pasquale, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982
(Counsel to Official Committee of Unsecured
Creditors)

**HAND DELIVERY**
Michael R. Lastowski, Esquire
Richard W. Riley, Esquire
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246
(Counsel to Official Committee of Unsecured Creditors)

**HAND DELIVERY**
Michael B. Joseph, Esquire
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE  19899
(Counsel to Official Committee of Asbestos Property
Damage Claimants)

Scott L. Baena, Esquire
Bilzin Sumberg Baena Price & Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd., Suite 2500
Miami, FL  33131
(Counsel to Official Committee of Asbestos Property
Damage Claimants)

**HAND DELIVERY**
Marla Rosoff Eskin, Esquire
Mark T. Hurford, Esquire
Campbell & Levine, LLC
800 North King Street, Suite 300
Wilmington, DE  19801
(Counsel to the Official Committee of Asbestos
Personal Injury Claimants)

Peter Van N. Lockwood, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005
(Counsel to the Official Committee of Asbestos
Personal Injury Claimants)

Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY  10152-3500
(Counsel to the Official Committee of Asbestos
Personal Injury Claimants)

**HAND DELIVERY**
Frank J. Perch, Esquire
Office of the United States Trustee
844 King Street
Suite 2311
Wilmington, DE  19801
(United States Trustee)

**HAND DELIVERY**
Teresa K.D. Currier, Esquire
Buchanan Ingersoll & Rooney PC
1000 West Street, Suite 1410
Wilmington, DE  19801
(Counsel to Equity Committee)

Philip Bentley, Esquire
Thomas M. Mayer, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036
(Counsel to Equity Committee)

John C. Phillips, Jr., Esquire
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19806
(Counsel to David T. Austern, Future Claimants'
Representative)

Richard H. Wyron, Esquire
Orrick, Herrington & Sutcliffe, LLP
3050 K Street, NW
Suite 300
Washington, DC  20007
(Counsel to David T. Austern, Future Claimants'
Representative)

**HAND DELIVERY**
Edward B. Rosenthal, Esquire
Rosenthal, Monhait, & Goddess, P.A.
919 Market Street
Mellon Bank Center, Suite 1401
Wilmington, DE  19801
(Counsel to Continental Casualty Company)

Brian H. Mukherjee, Esquire
Goodwin Procter LLP
Exchange Place
Boston, MA  02109
(Counsel to CNA Financial Corporation)

Elizabeth DeCristofaro, Esquire
Ford Marrin Esposito Witmeyer & Gleser, L.L.P.
Wall Street Plaza, 23rd Floor
New York, NY  10005-1875
(Counsel to Continental Casualty Company)

**HAND DELIVERY**
Ian Connor Bifferato, Esquire
Garvan F. McDaniel, Esquire
Chad J. Toms, Esquire
Bifferato Gentilotti LLC
800 North King Street, First Floor
Wilmington, DE  19801
(Counsel to Royal Indemnity Company)

Carl J. Pernicone, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY  10017-5639
(Counsel to Royal Indemnity Company)

Daniel C. Cohn, Esquire
Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA  02110
(Counsel to Libby Plaintiffs)

**HAND DELIVERY**
Evelyn J. Meltzer, Esquire
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
PO Box 1709
Wilmington, DE  19899-1709
(Counsel to BNSF Railway Company)

Edward C. Toole, Jr., Esquire
Anne Marie Aaronson, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103
(Counsel to BNSF Railway Company)

**HAND DELIVERY**
Mark J. Phillips, Esquire
Jeffrey C. Wisler, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
(Counsel to Maryland Casualty Company)

Edward J. Longosz, II, Esquire
Laura G. Stover, Esquire
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, N.W., Suite 1200
Washington, DC  20006
(Counsel to Maryland Casualty Company)

**HAND DELIVERY**
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
(Counsel to DIP Lender)

J. Douglas Bacon, Esquire
Latham & Watkins LLP
Sears Tower, Suite 5800
Chicago, IL  60606
(Counsel to DIP Lender)

David S. Rosenbloom, Esquire
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL  60606-5096
(Counsel to National Medical Care, Inc.)

**HAND DELIVERY**
David E. Wilks, Esquire
Buchanan Ingersoll PC
The Nemours Building
1007 N. Orange Street, Suite 1110
Wilmington, DE  19801
(Counsel to Gamma Holding, NV)

**HAND DELIVERY**
Kathleen M. Miller, Esquire
Smith, Katzenstein & Furlow LLP
The Corporate Plaza
800 Delaware Avenue
Wilmington, DE 19801
(Counsel to the Allen Plaintiffs)

Gary Smolker
Alice Smolker
4720 Lincoln Blvd., Suite 280
Marina del Rey, CA 90292-6977

**HAND DELIVERY**
Steven K. Kortanek, Esquire
Klehr Harrison Harvey Branzburg & Ellers LLP
919 Market St., Suite 1000
Wilmington, DE 19801
(Counsel to Carol Gerard)

Brian Parker, Esquire
36 South Charles Street
Charles Center South
Suite 2200
Baltimore, MD 21201
(Counsel to Carol Gerard)

**HAND DELIVERY**
Thomas D. Walsh, Esquire
McCarter & English, LLP
919 Market St., Suite 1800
Wilmington, DE 19801
(Counsel to James and Julie Holland)

Michael S. Etkin, Esquire
Lowenstein Sandler P.C.
65 Livingston Avenue
Roseland, NJ 07068
(Counsel to Keri Evans)

David K. Foust, Esquire
3030 W. Grand Boulevard
10th Floor – Suite 200
Detroit, MI 48202
(Counsel to the State of Michigan, Department of Corrections)

**HAND DELIVERY**
Francis A. Monaco, Jr., Esquire
Kevin J. Mangan, Esquire
Womble Carlyle Sandridge & Rice, PLLC
222 Delaware Avenue, Ste. 1501
Wilmington, DE 19801
(Counsel to the State of Montana)

**HAND DELIVERY**
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
P.O. Box 551
Wilmington, DE 19899
(Counsel to The Chase Manhattan Bank)

**HAND DELIVERY**
Bernard G. Conaway, Esquire
Fox Rothschild LLP
919 Market Street, Suite 1300
Wilmington, DE 19801
(Counsel to the Lanier Law Firm Asbestos Claimants)

**HAND DELIVERY**
Daniel B. Butz, Esquire
Gregory T. Donilon, Esquire
William H. Sudell, Jr., Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(Counsel to The Scotts Co.)

Robert J. Sidman, Esquire
Tiffany Strelow Cobb, Esquire
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH  43216
(Counsel to The Scotts Co.)

**HAND DELIVERY**
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite1200
Wilmington, DE  19801
(Counsel to ExxonMobile)

**HAND DELIVERY**
Ellen W. Slights
Assistant U.S. Attorney
The Nemours Building
1007 Orange Street, Suite 700
Wilmington, DE  19801

Dale R. Cockrell, Esquire
Christensen, Moore, Cockrell, Cummings &
Axelberg, P.C.
P.O. Box 7370
Kalispell, MT  59904
(Counsel to the State of Montana)